Jacobson v. Poindexter.

## JACOBSON V. POINDEXTER.

42    97
77   137
77   367

1. AGENCY:   *When question of, left to jury.*
   When one carries on a butcher's shop through an agent and that agent sells the hides of the slaughtered animals, it should be left to the jury to decide upon the evidence in a suit for the hides between the principal and the purchaser, whether the selling of the hides by the agent was within the fair scope of the business.

2. AGENT:   *By what acts of, the principal is bound.*
   The principal is bound by all acts of his agent within the scope of the authority which he holds him out to the world to possess, although he may have given him more limited private instructions unknown to the persons dealing with him.

3. DAMAGES:   *Loss of time attending court:   Attorney's fees, etc.*
   The law makes no allowance to the successful suitor for his time, indirect loss, annoyance or counsel fees. It considers in general the taxed cost as the only damages which a party sustains by the defense of a suit.

APPEAL from *Conway* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*U. M. & G. B. Rose,* for appellant.

1. The first instruction for defendant should have been given. *1 Parsons on Partnership, p. 122.*

7

Jacobson v. Poindexter.

2. It was error to refuse the second. *1 Ga., 418; 44 Am. Dec., 665; Meigs, 502; 33 Am. Dec., 161; 1 Met., 193; 35 Am. Dec., 358.*

3. Expenses and time of plaintiff not allowed as damages. *34 Ark., 184.*

*Ratcliffe & Fletcher*, for appellee.

Instruction No. 1 properly refused; there was no evidence to support it. *2 Ark., 346.; 5 Ib., 61; 32 Ib., 733; Story on Agency, sec. 39.*

So was the second. There was no proof of agency, and no proof that selling of hides was in the scope of the butcher business. It should be in the *absolute*, not *seeming*, course of employment. *Story on Agency, sec. 87, et seq.*

SMITH, J. Poindexter brought replevin against Jacobson for the recovery of certain hides. The plaintiff lived in Perryville, but had established a butcher shop in Morrilton, of which he had put one Collins in charge. In the course of the business a number of hides had accumulated. The plaintiff and Collins went to the defendant's store in Morrilton and proposed to sell him these hides. There was evidence tending to prove that in the course of this interview they spoke of the hides as "our hides," from which Jacobson inferred they were partners. Jacobson made an offer, which was declined, but, upon leaving, Collins remarked that they would consider his offer. Afterwards Collins sold the hides to Jacobson and absconded. Poindexter denies that Collins had any authority over the hides.

Upon the trial the verdict was for the plaintiff.

1. AGENCY: When question of to be left to jury.

The denial of the defendant's prayers for directions to the jury, is the principal error complained of. They were, in substance and effect, first, that if the plaintiff held out

Collins as his partner, and thereby misled the defendant into purchasing the hides from him, the defendant would be entitled to the verdict; and second, if the plaintiff held Collins out to the world as his agent, and the selling of the hides was within the apparent scope of his agency, the plaintiff was bound by his acts.

The first request embodies a sound proposition of law, but there was no evidence that the plaintiff had ever held Collins out as a partner. The use of the word "our" in connection with the hides, is too slight a circumstance to warrant an inference of partnership. But Collins was the undoubted agent of the plaintiff in the management of the butcher shop, and it should have been left to the jury to say whether or not the sale of the hides of the slaughtered beasts was within the fair scope of the business.

"The principal is bound by all the acts of his agent, within the scope of the authority which he holds himself out to the world to possess; although he may have given him more limited private instructions, unknown to the persons dealing with him. And this is founded on the doctrine that where one of two persons must suffer by the acts of a third person, he who has held the person out as worthy of trust and confidence, and having authority in that matter, shall be bound by it." *Story on Agency*, 8th ed., sec. *127, n. 1; 2 Kent Com., 12th ed., 612, n. b; Insurance Co. v. McCain, 96 U. S., 84.* 2. AGENT: By what acts of, the principal is bound.

As there must be another trial, we call attention to an obvious error, which was not excepted to, however. The plaintiff testified that he had lost time and incurred expense by reason of his attendance in court upon this action to the amount of $25. The court charged the jury that in computing the damages, they should take into consideration the expenses and time of the plaintiff in attend- 3. DAMAGES Loss of time attending court: Attorney's fees, etc.

ing the trial. And the jury gave the plaintiff $25 damages in addition to the value of the hides.

The law makes no allowance to the successful suitor for his time, indirect loss, annoyance or counsel fees. It considers, in general, the taxed costs as the only damages which a party sustains by the defense or prosecution of a suit. *Sedgwick on Damages, 6th ed., 37–8; Kelly v. Altemus, 34 Ark., 184.*

Reversed and remanded.