BROCKMAN COMMISSION & COLD STORAGE COMPANY v. POUND.

Opinion delivered December 16, 1905.

1. SALE OR CONSIGNMENT ON COMMISSION—INSTRUCTIONS.—Where the issue was whether the agreement between plaintiff and defendant's agent was one of sale outright or of consignment for sale on commission, an instruction that if defendant's agent, having authority to buy, did contract to buy defendant was liable for the purchase price and that if the transaction was a consignment for sale on commission, and defendant exercised ordinary care in the sale thereof, it was not liable for more than the price received, fairly submitted the issue. (Page 365.)

2. SALE OF CHATTELS—STATUTE OF FRAUDS.—A parol sale of goods is taken without the statute of frauds where the buyer receives the goods bought. (Page 367.)

Appeal from Pulaski Circuit Court; E. W. WINFIELD, Judge; affirmed.

STATEMENT BY THE COURT.

This was an action commenced before a justice of the peace in Pulaski County by Eli Dante against appellant, Brockman Commission & Cold Storage Company, to recover the price of thirty-one dozen chickens shipped by plaintiff from Danville, Ark., to the defendant at Little Rock. Defendant sold the chickens at $1 per dozen, and rendered an account to plaintiff with checks for the amount, less commission of 5 per cent. The plaintiff refused to accept the amount offered, and sued for a higher price. When the case reached the circuit court on appeal, on motion of Dante

it was revived as to him in the name of appellee, J. W. Pound, as trustee in bankruptcy. A trial before jury resulted in a verdict in favor of the plaintiff for the sum of $62, and the defendant appealed.

*Ratcliffe & Fletcher,* for appellant.

1. The instruction given at the request of appellee was erroneous. The understanding, if proved as set out in the instruction, was too indefinite to amount to a contract, and was not reciprocal. 30 Ark. 186; 51 Am. Rep. 1; 27 Md. 334. In any event the contract, if proved, was void under the statute of frauds. Wood, Stat. Frauds, § 345.

2. The authority of an agent cannot be proved by his own declarations. 31 Ark. 212; 35 Ark. 251; 44 Ark. 213; 56 Ark. 222; 55 Ark. 208.

*J. H. Carmichael,* for appellee.

1. The instructions fairly submitted the case to the jury for its decision upon the question of fact.

2. Appellant having received the chickens, such act takes the contract out of the statute of frauds. Anson on Contracts, 83; Kirby's Digest, § 3656.

3. Where the agent acts within the apparent scope of his authority, his principal is bound. Ewart on Estoppel, 501-503. And third parties are not bound by private instructions to the agent, of which they have no notice, limiting his authority. 42 Ark. 97; 55 Ark. 627; 49 Ark. 320. When one of two innocent persons must suffer, the loss should fall on the one who caused the dilemma. 47 Ark. 366.

McCULLOCH, J., (after stating the facts.) This controversy grew out of a dispute between the parties as to the character of the contract under which the chickens were shipped, Dante contending that he shipped them under a contract of sale, and appellants contending that the chickens were to be shipped for sale on commission. Appellee introduced testimony tending to show that appellant's traveling solicitor and authorized agent entered into a contract with Dante at Danville whereby he agreed for appellant to purchase from Dante chickens to be shipped to Little Rock to be paid for by appellant at the market prices then prevailing, not less than $2 per dozen, and that at the time the two consignments

in question were received in Little Rock the market price of the chickens of the kind shipped exceeded $2 per dozen. On the other hand, appellant denied the contract of sale, or that the agent was authorized to make such a contract, and introduced testimony tending to show that no such contract was made, but that the agent only agreed for appellant to receive the chickens for sale on commission, and gave Dante a written statement or list of prices then thought to be prevailing in Little Rock showing chickens to be worth from $2 to $3.50 per dozen. The testimony introduced by appellant also tended to show that its agent, Knapp, was not authorized to purchase chickens nor to guaranty prices on consignments to appellant.

The court gave the following instruction at the request of appellee:

"If you find from the evidence that Geo. F. Knapp, agent for the defendant, made a contract with Dante to pay him from $2 to $3.50 per dozen for chickens, and that Knapp had authority to make such a contract, you will find for the plaintiff at a price between $2 and $3.50 per dozen, as you find the evidence establishes what the chickens were worth."

And the following at the request of appellant:

"If the chickens were consigned to the defendant to be sold upon commission, and if defendant exercised ordinary care, that is, the care of an ordinary prudent business man, in the sale of the chickens, then it cannot be held liable for any thing more than the price for which chickens were sold to his customers."

These two instructions put the issue fully and fairly before the jury, and the finding of the jury was to the effect that the agent made a contract of sale with Dante, and that the same was not without the apparent scope of his authority. There was evidence sufficient to sustain the finding on both those questions. Two witnesses testified to a positive contract for sale of the chickens, and that Dante expressly declined to ship the chickens for sale on commission. The testimony of another witness tended strongly to establish the same fact.

Appellant was engaged in the general commission business and wholesale dealer in butter and eggs, and Knapp was its traveling agent and solicitor, with express authority to sell the goods in which appellant dealt, to buy hides and wool, and some-

times, with appellant's approval, he bought potatoes in carloads. The proof was such that it became a question of fact to be submitted to the jury to decide whether or not the purchase of chickens was within the apparent scope of his employment. *Jacobson* v. *Poindexter*, 42 Ark. 97; *Liddell* v. *Sahline*, 55 Ark. 627; *Jacoway* v. *Insurance Co.*, 49 Ark. 320; *Keith* v. *Herschberg Optical Co.*, 48 Ark. 138.

It is argued that the contract is within the statute of frauds, and void because not in writing, but appellant accepted and received the property sold, which took the contract out of the operation of the statute.

Judgment affirmed.