INTERNATIONAL HARVESTER COMPANY OF AMERICA, A COR-
PORATION EXISTING UNDER THE LAWS OF WISCONSIN,
PLAINTIFF IN ERROR, v. ARCHER SMITH AND EDWARD L.
ANDERSON, PARTNERS DOING BUSINESS AS SMITH AND
ANDERSON, DEFENDANTS IN ERROR.

1.  The burden of proof is upon the defendants who plead pay-
    ment to sustain such plea by a preponderance of the evi-
    dence.

2.  Where in an action by the original payee against the makers
    of a note given for goods purchased the defendants
    pleaded payment and proved by a preponderance of the
    evidence that an authorized agent of the plaintiff directed
    the defendants to settle the particular indebtedness, a part
    of which is sued for, with the local agent of the plaintiff,
    and the payment of the amount of the note by the de-
    fendants to such local agent is shown and not denied, and
    it is also shown without contradiction that the defendants
    had frequently paid such local agent for goods purchased
    of the plaintiffs, a verdict for the defendants will not be
    disturbed by the appellate court.

This case was decided by Division A.

Writ of Error to the Circuit Court for Madison County.

The facts in the case are stated in the opinion of the
Court.

*C. E. Davis* (with whom was D. A. Orebaugh on the
brief) for Plaintiff in Error.

No appearance for Defendants in Error.

WHITFIELD, J. The plaintiff in error brought an action of assumpsit in the Circuit Court for Madison County against the defendants in error on a note for $120.00. The defendants pleaded payment and issue was joined thereon. A verdict and judgment were entered for the defendants and on writ of error the denial of a motion for new trial duly excepted to is assigned as error. The grounds of the motion for new trial are that the verdict is (1) contrary to the evidence; (2) contrary to law; (3) contrary to the law and the evidence.

The only issue was upon the plea of payment, and the burden of proof was upon the defendants to sustain their plea by a preponderance of the evidence. Lakeside Press Photo.-Engraving Co. v. Campbell, 39 Fla. 523, 22 South. Rep. 878.

The defendant Smith testified: "I am a member of the firm of Smith and Anderson, composed of myself and Edward L. Anderson. The note in question was paid by me to Mr. J. B. Gaston on November 4th, 1903. Mr. Brooks, agent for the plaintiff, and Mr. Gaston, the local agent for the Company, came out to my place on October 24th, and we owed the plaintiff about $160.00. I did not have enough money on hand to pay them all we owed the plaintiff and they wanted a settlement. Mr. Brooks told me to settle with Mr. Gaston, so I paid him all we owed but $120.00, and gave him a note for that amount payable to plaintiff, for about six days, when I expected to have some money. On November 4th, 1903, I went into Mr. Gaston's place of business and handed him check for amount, and Gaston told me he did not have the note, had sent it in, but would get it for me. The next time I heard of the note Mr. T. C. Smith of the Bank of Madison, notified me that he had it for collection. The check I gave

16 S. C.

Mr. Gaston was honored and paid by the bank. I had bought a good deal of stuff from the plaintiff from time to time and had always paid Gaston, the local agent, for it."

J. B. Gaston, a witness for the defendant, testified: "I remember going with Mr. Brooks out to Mr. Smith's place about October 24th, 1903. We wanted a settlement with Mr. Smith, and Mr. Brooks told Mr. Smith to settle with me, and Smith paid me all Smith and Anderson owed except $120.00, and gave me their note payable to the Company for that amount for a short time, thirty or sixty days, do not remember as to time. When I took notes, sometimes I would turn them over to the Company and sometimes I would keep them and collect myself. I did not collect notes that I had turned over to them, as they were collected through the Bank. The cash paid from sales and collected on notes I would send to them from time to time, and they accepted same, and we had no special time of making settlement. I had a settlement with plaintiff between the time the note was given to me and the time Smith paid me, at which time I turned over to plaintiff the note in question. This was not a final settlement. I had no final settlement with the Company until some time in January, 1904. I did not have the note when Mr. Smith paid it to me and I have never turned over the money to the plaintiff."

T. A. Brooks, a witness for the plaintiff, testified: "My relation to the plaintiff in the year 1903, was contracting, selling and settling with local agents for the sale of their machinery and had charge of the territory comprising Madison County, Florida. I know J. B. Gaston, and transacted business with him in behalf of the plaintiff, which was to contract and settle with him for the sale of the plaintiff's machinery. J. B. Gaston was local agent

VOL. 51, JANUARY TERM, 1906.            223

Inter. Har. Co. of Am. v. Smith and Anderson—Opinion of Court.

for the plaintiff at Madison and his duties were to sell on commission the plaintiff's machinery, and had no authority to collect moneys on outstanding notes held by the plaintiff on individuals in his (Gaston's) territory. The Bank of Madison, Florida, was the custodian of notes payable to the plaintiff taken in Gaston's territory, and Gaston was not authorized to accept payments on such notes. * * * I know Archer Smith, one of the defendants. I did not tell the defendant to make payments to J. B. Gaston unless he (Gaston) had defendant's note in his possession which could only have been before settlement was made with Gaston by the plaintiff so that Gaston would have to account to the plaintiff for such money. * * * I did not authorize said Gaston to accept payment of note referred to after he had accounted to the plaintiff for same. * * * Said Gaston as local agent for the plaintiff had no authority to collect moneys due on notes not in his possession. It was not customary for said Gaston to collect notes for the plaintiff that were not in his (Gaston's) possession and to account for the same to the plaintiff.

E. A. Hendrickson, a witness for the plaintiff, testified: "That he was custodian of notes payable to the International Harvester Company of America taken in J. B. Gaston's territory in 1903 after settlement was made with Gaston, that Gaston was not authorized to accept payment of any note. * * * That Gaston never received any authority from him, directly or indirectly to collect the amount due on the note in question or on any other note. * * * That it was not customary for Gaston to collect notes for the plaintiff that were not in his possession and he had no authority whatever to do so."

A. R. Heiskell, a witness for the plaintiff, testified: "That he was general agent for the plaintiff in the year 1903. * * * That he never gave J. B. Gaston any authority to collect any notes for the plaintiff at any time or place. * * * That according to the contract under which J. B. Gaston acted as agent for said company he was instructed to settle with the purchaser for each machine or other article sold either by cash or note; that it was customary for said agent, J. B. Gaston, to receive money on any notes taken in settlement for the sale of McCormich machines or attachments up to the time such notes were forwarded to the branch office at Atlanta, Georgia, then when such notes were received at the Atlanta office they were sent out for collection to regularly appointed local agents through whom these notes were collected, and said J. B. Gaston did not act for the plaintiff as a collection agent."

There was no assignment of the note as originally given.

The question now to be determined is, did the defendants prove payment of the note sued on by a preponderance of the evidence? It is not denied that payment was made to J. B. Gaston. If Gaston was authorized to receive such payment for the plaintiffs, the debt has been discharged.

It is conceded by the plaintiff in error that if the evidence shows that Gaston, the local agent of the plaintiff was authorized either expressly, or impliedly by a regular course of dealing, to collect the note in controversy, the judgment should stand. But it is contended that the authority of Gaston to collect the note is not shown to have been either expressly or impliedly given, and that as Gaston did not have the note sued on in his possession when

payment was made to him by defendants, the payment to
Gaston was unauthorized and not binding on the plain-
tiff.

Archer Smith testified that Brooks, the agent for the
plaintiff, told him to settle this particular indebtedness
with Gaston, the local agent of the plaintiff, and further
testified that he "had bought a good deal of stuff from
the plaintiff from time to time, and had always paid Gas-
ton, the local agent, for it." J. B. Gaston corroborated
the testimony of Smith that Brooks told Smith to settle
this indebtedness with Gaston as well as the circum-
stances attending it. The authority of Brooks to direct
the settlement to be made with Gaston is not contro-
verted, nor is there any contradiction of Smith's testi-
mony that he had bought goods from the plaintiff from
time to time and had always paid Gaston, the local
agent, for them. It is not shown that the defendant
knew of any limitations on the authority of Gaston to
collect for the plaintiff for the goods sold in his terri-
tory, as testified to by witnesses for the plaintiff. It is
not disputed that Gaston had full authority to accept
cash payment for the plaintiffs goods sold by Gaston, but
it is contended that this authority ceased when the in-
debtedness should be evidenced by a note which had
passed out of the possession of the agent and into the
custody of the principal. Even should such limitation
of authority be binding on one not advised of it, the jury
could have concluded from the testimony that the special
authority given in this case "to settle with Mr. Gaston"
constituted Gaston the *alter ego* of the plaintiff in the
settlement of the entire indebtedness.

Brooks for the plaintiff testified that "he did not tell
the defendant to make payment to J. B. Gaston unless
he (Gaston) had defendant's note in his possession."

This is only a qualified contradiction of the pointed testimoney of Smith that "Mr. Brooks told me to settle with Mr. Gaston," which testimony is fully corroborated by Gaston.

The testimony of Gaston, the local agent of the plaintiff, was not as to declarations made by him to defendant as to his agency, but it was directly corroborative of positive instructions given by Brooks to settle with Gaston as testified to by Smith.

The authority given by Brooks to Smtih to pay the particular indebtedness to Gaston, the local agent of the plaintiff, is established by a preponderance of the testimony; and as it is not denied that Brooks had authority to direct the defendants to settle with Gaston or that the amount sued for was paid to Gaston, the local agent of the plaintiff, the jury was justified in finding a verdict for the defendants.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.