## SUPERIOR MANUFACTURING CO. v. RUSSELL.

Although a traveling salesman may not have had authority originally to collect from one who purchased on a credit, yet where the vendor, after efforts to collect, wrote to the salesman agreeing that if he would cash the account they would allow him a discount of five per cent., and also authorizing him to sell to any friend for such amount, and in that event agreeing to allow him to deduct from the amount received his commission which would be due him upon the payment of the debt, and enclosing in the letter a statement of the account, this was sufficient to authorize the salesman to collect the debt, allowing a discount of five per cent.; and a payment to him discharged the debtor.

Submitted July 18,—Decided December 15, 1906.

Complaint.     Before Judge Stark.     City court of Jefferson. October 6, 1905.

*Napier, Wright & Cox* and *J. A. B. Mahaffey,* for plaintiff.

*W. I. Pike, L. C. Russell,* and *W. H. Quarterman,* for defendant.

LUMPKIN, J. The defendants bought certain church furniture from the plaintiff through a salesman. The written contract provided that no payment should be valid if made to an agent or to any one except a duly authorized officer of the company. After a considerable amount of correspondence between the plaintiff and certain of the defendants in regard to the collection of the claim, the plaintiff, which was a corporation located in Michigan, wrote to the agent who had made the sale a letter which included the following: "We have your favor stating that you would buy that Winder order. The order stands as per inclosed statement. They owe us $264.48. Up to this writing we have had cash for $45.00. We paid freight $52.78. We have not even got back the freight. Now if you want to cash this order we will discount it at five per cent. . . You knew these people were not in a position to settle, and you are trying to sell it like oats or wheat in the market. If you have any friend who will buy this, we will take it, and in addition allow you to take out your commission that will be due you on this order when it is paid." The salesman thereupon wrote to the defendants, who resided at Winder, Ga., stating that the plaintiff would like to get a settlement for the property sold, and that if they would pay him the cash he would give them a discount of five per cent. They paid to the agent the amount due less five per cent., relying on the supposed authority of the salesman to collect.

Apparently the salesman did not pay the money to the plaintiff, as its manager denied that it had received payment; and it repudiated the payment to the salesman and sued the defendants for the amount of the bill. The court directed a verdict for the defendants, and the plaintiff excepted.

Originally the salesman did not have authority to collect from the debtors. Did the letter from the plaintiff to him confer such authority that payment to him operated as payment to the plaintiff, so as to discharge the defendants? In the letter the amount due the plaintiff was stated, and two offers were made: first, that if the salesman would cash the order, a discount of five per cent. would be allowed; second, that if he had any friend who would buy the account, they would accept it, and in addition would allow him to take out his commission that would be due when the account was paid. This authorized the salesman to sell the account. It also authorized him to take out his commission. It would be impossible for him to take his commission out of the purchase-price of the account, unless he had authority to collect that price. So that this authority to sell for cash and take out his commission included the authority to collect the amount for which the account was sold. No limit was put upon the person or persons to whom he might sell. The plaintiff was complaining that the debtors were not in a position to settle, and was trying to realize on the account. If the agent had sold the account to any other person than the debtor, as just stated, he could have collected therefor. There was nothing to prevent him from selling to the debtors themselves. If, instead of doing so expressly, he received the money from them in discharge of the debt, the result was the same. Under the peculiar language of this letter to the salesman, coupled with the previous inability of the plaintiff to collect from the defendants, and the undisputed evidence that they paid him, relying on this authority to collect, such payment to him discharged them, whether the salesman paid the money over to the plaintiff or not.

*Judgment affirmed.    All the Justices concur.*