N. O. NELSON MANUFACTURING COMPANY *v.* BENJAMINE.

4-3570

Opinion delivered November 5, 1934.

*George A. McConnell,* for appellant.
*James R. Yerger,* for appellee.

898

SMITH, J. This is a suit by appellant to enforce a materialman's lien, and there appears to be no substantial conflict in the testimony, which is to the following effect: F. P. Pierce, operating as Pierce Lumber Company, was engaged in the retail lumber business, and in connection with that business sold building supplies, much of which he had bought from appellant over a period of several years. These supplies were sold on an open account, which appears to have been mutually satisfactory. The lumber company was regarded as a good customer. J. W. McLeod was the appellant's traveling salesman and representative in that territory.

Pierce testified that he had an arrangement with a building contractor under which he "guaranteed the maximum amount of cost (of building material) for the benefit of selling my stuff," but that he occasionally took building contracts to be performed by himself. He took such a contract to build a residence for H. C. Benjamine. Before the completion of the building Benjamine decided that he wanted an "Arcola heating plant" installed. This was in addition to the original building contract. It so happened that McLeod was in that territory at that time, and he and Pierce went with Benjamine to figure on the cost of installation. The necessary measurements and calculations were made and the price was agreed upon. Benjamine inquired at the time as to whom payment should be made, and stated that he was prepared and willing to make payment then and there. McLeod answered: "Make it to Mr. Pierce; he is our representative. We have sold goods to him for a long time, and we are not afraid of him." The heating plant was installed, and Benjamine paid Pierce for it. Pierce was adjudged a bankrupt, and failed to pay appellant, whereupon this suit was brought to enforce a lien.

It was shown by appellant that McLeod was a traveling salesman, having authority only to receive and transmit orders for acceptance, to be filled after acceptance, and that he had no authority to make collections. It was shown, however, that McLeod had made collections which had been received and credited by appellant,

but this was done by the receipt and transmission of checks payable to appellant's order.

The decree recites a finding of fact substantially as stated above, and this finding is not contrary to a preponderance of the evidence. Indeed, it appears to be supported by the undisputed evidence. Upon this finding the court held that appellant was estopped to deny that payment had been made, and denied the claim for a lien or for a judgment against Benjamine for the debt, and this appeal is from that decree.

For the reversal of this decree, cases are cited defining the authority ordinarily possessed by traveling salesmen. Of these the case of *United States Bedding Co.* v. *Andre,* 105 Ark. 111, 150 S. W. 413, is chiefly relied upon. In that case a traveling salesman made a contract to post advertisements of the articles which he was selling. In holding that the salesman had no authority to make the contract, it was there said: ''The purpose for which a traveling salesman is employed is to solicit orders and make sales of goods; unless he is specially authorized to do so, he has no implied authority to do any act other than is usually done by other salesmen of like character; that is, to do those things and make those agreements which are necessary and usual to accomplish the purpose of this agency. Being employed for one purpose, he has no authority to do another, either actual or implied.'' For the reason stated it was held that the salesman had no authority to make the contract to post the advertisements.

But this opinion states the law to be that the agent has the authority to do those things which are essential to effect the purpose of the agency, and while an agent may not have the authority to make collections of the purchase price upon taking an order for future delivery, he does have the authority to make agreements as to the price, the time and place of delivery, and the terms of payments to be made.

In the volume on Agency in Restatement of the Law (American Law Institute), it is said, at § 55 thereof, that: ''Unless otherwise agreed, authority to contract for a purchase or sale includes authority to enter into nego-

tiations for and to complete the purchase or sale, including therein usual or other appropriate terms, and, if a writing is required or is usual, to execute such writing.''

In Clark & Skyles on the Law of Agency (§ 245) it is said: ''Where an agent is employed generally to sell goods, as incident to his general authority, he has power to fix the terms of sale, including the time, place and mode of delivery, the price, quality, and quantity of the goods, and the time and mode of payment, to the extent at least of what is customary and not extraordinary.''

It was not shown to be contrary to any custom, nor does it appear to have been extraordinary, for McLeod to have directed Benjamine to make payment to Pierce, appellant's customer and representative to whom the material was sold, and to whom it was delivered, and whose account was represented as being satisfactory, and to whom other material had been sold and delivered by appellant.

In the very recent case of *McMillan* v. *Marathon Oil Co.*, 188 Ark. 937, 68 S. W. (2d) 473, it was said that: ''We have many times held that one dealing with an admitted agent had the right to presume, in the absence of notice to the contrary, that he is a general agent, clothed with authority co-extensive with its apparent scope.''

McLeod was an admitted agent clothed with the actual authority to sell the heating plant, and we think the court was warranted in finding, as was found, that it was within the apparent scope—if not within the actual scope—of the agent's authority to agree upon the manner of payment. *Harrison Nat. Bank* v. *Williams*, 3 Neb. (Unoff.) 89 N. W. 245; *Putnam* v. *French*, 52 Vt. 402, 38 Am. Reps. 682; Mechem on Agency, vol. 1 (2d ed.), §§ 854 and 871; *International Harvester Co.* v. *Smith*, 51 Fla. 220, 40 Sou. 840; *Fayetteville Wagon Co.* v. *Kenefick Construction Co.*, 76 Ark. 615, 88 S. W. 1031; *Lovett* v. *Eastern Oil Co.*, 68 W. Va. 667, 70 S. E. 707; *Superior Mfg. Co.* v. *Russell*, 127 Ga. 151, 56 S. E. 296.

It was said, in the case of *A. J. Chestnut Co.* v. *Hargrave*, 177 Ark. 687, 7 S. W. (2d) 800, that: ''In short, the general rule in this State is that the principal is

bound by the acts of his agent which are within the real or apparent scope of his authority," and the cases there cited fully sustain the rule announced.

It requires no citation of authorities to support the conclusion that, if the debt was paid, there could be no judgment therefor, nor lien to enforce its payment. We conclude therefore that the decree is correct, and it is affirmed.

McHANEY, J., dissents.