BRADLEY ADVERTISING, INC., *v.* FROUG STORES, INC.

4-4527

Opinion delivered February 15, 1937.

*A. R. Cooper,* for appellant.
*Sam M. Levine,* for appellee.

BUTLER, J. Bradley Advertising, Inc., brought suit to recover of Froug Stores, Inc., the sum of $208.34. Plaintiff alleged that it had entered into a contract with the defendant by which it sold certain advertising material, together with the exclusive right to use the same

in a designated territory. The defendant answered and denied that it had executed any contract with the plaintiff or authorized any one to execute the same for it. The answer alleged that any contract relied on by the plaintiff was not signed by the defendant and that same was never accepted, adopted or approved by it.

The testimony, on the issues raised by the pleadings, was in sharp and direct conflict. That on the part of the plaintiff was to the effect that its agent, on March 2, 1934, called at the defendant's place of business and met Mr. Louis Froug. The agent explained his business to Mr. Froug and was directed to take the matter up with Mr. Holwerk, who, Froug stated, was his general manager. Froug introduced the agent to Holwerk, who investigated the character of the advertising offered, expressed his approval of it, and, after having looked over the contract carefully, signed it and handed it back to the agent. The contract was in the form of an order for the advertising material. This order was mailed to the plaintiff at New York. Nothing was said by Froug or Holwerk to the agent about his taking the order to Little Rock for confirmation. The order was received in New York in due course of mail where it was accepted and a copy of the same with a letter of acceptance, dated March 5, 1934, was mailed to the defendant at Pine Bluff.

Pursuant to the order, a part of the advertising matter was prepared. The contract provided that it should be shipped out at intervals. On March 19, 1934, the material which had been prepared was shipped to defendant with an accompanying letter advising of that fact and asking for any suggestions which defendant might desire to make. Another letter was addressed to defendant on March 20, following, relating to the payments for the material purchased. On April 2, 1934, a letter dated March 30 was received by the plaintiff written by the defendant, taking notice of the shipment of the advertising matter and advising that defendant had no contract for this material and that no contract could be signed except at the main office in Little Rock. There was some further cor-

respondence not necessary to detail prior to the institution of the suit.

On behalf of defendant testimony was adduced to the effect that when the agent applied at the Pine Bluff store for an order he was directed to Holwerk and informed that if Holwerk approved the advertising material the order would then have to be taken to Little Rock for final approval; that, as to contracts of this character, Mr. William Froug at Little Rock, the president of the corporation, was the only person having authority to execute them. Holwerk examined the proposition, liked it, and thought it could be of use in the business. He was requested by the agent to indicate his approval by signing the order and told that he (the agent) would take it to the Little Rock store "for official sanction." Holwerk told the agent that he was only signing the contract to indicate to Mr. Froug in Little Rock that he approved and that Mr. Froug himself would have to sign the contract for it to be binding. No letter from plaintiff accepting the contract was received and the first notice defendant had of the purported execution of the contract was when the shipment was received, which was refused, and of which plaintiff was promptly advised.

The advertising manager of the Pine Bluff Commercial, a newspaper published in that city, was called in rebuttal. He testified that he had made contracts with the defendant and published "ads" for them in his paper; that Froug was "just old customers" and that they had that arrangement in effect so many years and did not have any more agreements with them. Usually Mr. Louis Froug authorized the "ads" and the department heads then gave the item to the paper; that, in respect to the matter of collections, they had never had any trouble with the Froug Company. With relation to the local advertising, Louis Froug had previously testified that he had authority to insert advertisements in the Pine Bluff newspapers and that this was usually attended to "by the department man" in the store at Pine Bluff, but under his supervision; that as manager of the Pine Bluff store, he was allowed to expend $200 per month for local advertis-

ing, but no more; and that, as to such local advertising, the approval of the president in Little Rock was not necessary.

All the testimony relating to the necessity for the contract being first approved by the president at the Little Rock office before it should become effective was objected to and the admission of this testimony is one of the principal grounds urged for reversal. This is on the theory that the evidence objected to sought to interpose a defense not alleged in the answer and was inconsistent with the defense alleged, namely, that Holwerk had no authority to execute the contract.

If the testimony did in fact tend to establish a defense not alleged in the answer, plaintiff (appellant) is in no position to complain as the trial court offered to continue the case if it so desired. This offer was declined and the case proceeded to a decision which resulted in a verdict for the defendant (appellee). In the very recent case of *National Cash Register Company* v. *Holt, ante* p. 617, 101 S. W. (2d) 441, where there was an objection to the testimony as tending to introduce a new issue, we called attention to § 1234 of Crawford & Moses' Digest, which provides that no variance between the allegation in the pleading and the proof is to be deemed material unless it be shown to the satisfaction of the court that such testimony has misled the adverse party to his prejudice, and then the court "may order the pleading to be amended upon such terms as may be just." In that case no continuance was asked and we said: "Appellant elected to speculate upon the outcome of the trial without making that request," and the contention of appellant was overruled.

The instant case presents a stronger state of facts to warrant us in upholding the ruling of the trial court than those in the case cited. Here, the trial court actually offered a continuance of the case for the plaintiff, and here, as in the case cited, it "elected to speculate upon the outcome of the trial." Neither did the testimony objected to tend to establish a defense inconsistent with

that pleaded. This conclusion, we think, is supported by the authority cited by the plaintiff.

Section 1194 of Crawford & Moses' Digest, subdivision 4, among other things, provides that the defendant may set forth in his answer as many grounds of defense as he shall have. It is only in cases where the defenses are inconsistent that the statute has no application. The rule cited by the plaintiff (49 C. J., 218) is, we think, correct: "The test of inconsistency inhibited * * * is when the proof of one necessarily disproves the other,"—that is to say, that one or another of the defenses must necessarily be false. *Susznik* v. *Alger Logging Company,* 76 Oregon 189, 147 Pac. 922, Ann. Cas. 1917C, 700.

It is true, as contended by the appellant, that one dealing with an admitted agent has the right to presume, in the absence of notice to the contrary, that he is a general agent, clothed with authority coextensive with its apparent scope. *Nelson Mfg. Co.* v. *Benjamine,* 189 Ark. 897, 75 S. W. (2d) 664. In the instant case, however, the question of the extent of the authority of Louis Froug and Holwerk, both real and apparent, was submitted to the jury under instructions given at the request of the appellant and certainly as favorable to it as it could expect. Also the question of notice of the limitation of their authority, on conflicting testimony, was likewise submitted to the jury under proper instructions. The questions as to the nature and extent of the agent's authority, or whether the particular act in controversy was within the scope of his authority, where they are to be determined upon conflicting evidence, are questions of fact for the jury under proper instructions from the court. 2 C. J., chapter "Agency," § 733; *Jacobson* v. *Poindexter,* 42 Ark. 97; *Brockman, etc., Co.* v. *Pound,* 77 Ark. 364, 91 S. W. 183; *St. Louis, etc., R. Co.* v. *Clark,* 90 Ark. 504, 119 S. W. 825.

There are certain instructions, criticized by the appellant, which were given at the instance of the appellee and complaint is made of the court's refusal to give certain instructions asked by the appellant. These we find

it unnecessary to review since we are convinced, from an examination of all instructions given, that the issues were fairly and fully submitted to the jury under proper declarations of law and, as it has resolved the disputed questions of fact in favor of the appellee and its conclusion is based upon substantial evidence, the judgment is hereby affirmed.