Appellant sought by cross-complaint to have decreed to her a half interest in lands appellee had owned for seventeen years. The property was certified to the state for nonpayment of the 1932 taxes.
On joint application of appellant and appellee, the state's deed was executed to them in October, 1936. It is admitted that appellant's money was sent to the state land commissioner. Appellee insists he borrowed this sum from appellant through her husband, Edmond Smith. Edmond[1]
denies he acted for his wife. Appellant's contention is that she is the beneficiary of a resulting trust in half the land. Appellee's construction of the transaction is that when the money was borrowed he explained that he had no security, and he suggested that the deed be issued jointly in order that appellant might be protected.
The decree and judgment are based upon appellee's substituted complaint in which he sought cancellation of the state deed. There was answer, with cross-complaint. Amount of the alleged loan was tendered, with interest, etc.
The court found that Pleasant was owner of the land; that the assessment, forfeiture, sale, and state deed were void because of an indefinite description; that Pleasant borrowed $44.31 of Annie T. Smith for a term of two years at 10% interest; that the agreement was that Annie should have a lien on half of the property as security for the loan; that $2.50 additional had been borrowed;[2] that on November 6, 1937, appellee paid appellant $4.50 to apply as interest on the loan, and that the cross-complaint should be dismissed for want of equity. Judgment was rendered against appellee for $46.81, with interest, less $4.50.
Appellant correctly states the law to be that neither the fact of an agency nor its scope can be established by declarations of the agent, as distinguished from the testimony of the party whose agency it is sought to prove.
Pleasant testified that his contract with Annie was made with her husband. Appellant's objection to this statement was overruled. Pleasant then testified that "*** he[3] called us over there and explained to both of us. The first agreement was with him, then he called her in". There was this further testimony by appellee: "In the conversation with Annie and Edmond Smith in discussing the deal, Edmond did the talking and we did the acting. We signed in his presence and she took it and signed it up".
Appellant and her husband denied appellee's testimony. Edmond insisted he had no authority to act for his wife, and Annie was just as positive she was without representation.
The evidence, we think, preponderated in appellee's favor when consideration is given the receipt, which reads: "November 6, 1937. Received of Gus Pleasant on money loaned for real estate, $4.50, by E. T. Smith".
Edmond Smith testified the money was not paid as interest; that when he went to settle with appellee for work, appellee said "I want to pay some money to Annie on some bill boards".[4] Edmond's version of the transaction was that appellee "figured it up", and the amount was $4.50. Edmond testified appellee told him Annie would not accept the money: — "He pleaded with me to get her to take it, for she said she wouldn't, but I would try. He told me what to put on [the receipt] and I deducted it from what I owed him. I told Annie about it and she bawled me out". According to Edmond, the money was returned to appellee.
Due to the station in life of some of those who testified, the record is lacking in the clarity necessary to full comprehension of the assertions and denials of interested witnesses. There is, however, one outstanding fact: virtually everything testified to by appellant and her witnesses was denied by appellee, and appellant in turn disputed the essentials of appellee and his witnesses.
Our view is that the Chancellor's determination was not contrary to a preponderance of the evidence. This conclusion is not reached with a feeling of complete certainty that appellee did not agree that appellant should have a half interest in return for the accommodation extended. Appellant concedes the property was worth $500. Procurement of a half interest for $46.81 was an unconscionable advantage taken of one in misfortune;[5] and yet had the evidence been sufficient to show that the contract contended for by appellant was in fact made, it would not be set aside for want of consideration.
We do not comment upon decisions applicable to facts discussed by appellant. The declarations of law argued by counsel in their brief are correct. The case turns upon facts, and the facts found by the chancellor are not consonant with those which appellant thinks preponderate.
We affirm the decree and judgment.
[1] All of the parties are negroes. Edmond Smith operated a mercantile business.
[2] One dollar was borrowed to pay for the state deed, and $1.50 was borrowed to pay cost of having the deed recorded. The total debt was, therefore, $46.81.
[3] "He" evidently refers to appellant's husband.
[4] Appellant's contention was that billboard space had been rented on the property involved in the litigation.
[5] Appellee was 64 years of age at the time of trial. He testified: "To get the money I tendered to Annie Smith I picked up tinfoil, gum, and papers. I picked cotton and did everything I could to pay the debt".
 *Page 1