WRIGHT *v.* HARRIS.

5-205                                          262 S. W. 2d 142

Opinion delivered November 23, 1953.

*Talbot Field, Jr.,* and *Shaver, Tackett & Jones,* for appellant.

*W. S. Atkins* and *Bobby Steel,* for appellee.

J. SEABORN HOLT, J.  July 2, 1952, a truck alleged to be owned by appellant, Fred Wright, and driven by Richard Russell, an alleged employee of appellant, on Highway 71, south of Wilton, Ark., "sideswiped" a Ford truck driven by appellee, Harris, resulting in such serious injuries to appellee that his left arm had to be amputated. Appellee sued Fred Wright for damages and a jury awarded him $5,585. This appeal followed.

For reversal, appellant argues (1) that the court erred in giving its Instruction No. 1, (2) in refusing to instruct a verdict for appellant at the close of all the evidence, because the testimony showed that the truck in question was "owned by Wright Lumber Company, Inc., a corporation, and was being driven, on a mission for said corporation, by one of the corporation's employees, Richard Russell; or, conversely, because there is no legally competent evidence in the record tending to prove that the truck was owned by defendant, Fred Wright, the President of the corporation, or that Russell was an employee

of Fred Wright or was on any mission whatsoever for said Wright when appellee received his injury. (3) That the court erred in admitting certain testimony, hereinafter discussed, over the objections and exceptions of the appellant.''

The conclusion that we have reached makes it necessary for us to consider only whether the admission of the testimony—presently set out—to which appellant objected and excepted, constituted prejudicial error. We hold that it did, in the circumstances, and that the judgment must be reversed on this account.

Appellee's witness, Milton Mosier of the State Police, on direct examination, testified that, on learning of the collision between the two trucks involved, he, in company with the sheriff and Jack Jennings, went to the point where the collision happened, to investigate, and in this connection testified: ''I was checking one of the trucks and Jack and the sheriff were checking the other one, and one of them found blood on the bunker and I went back there and examined it and I found cloth and blood and flesh on the bunker of the Russell truck. Q. Who was driving the truck? A. Richard Russell. Q. Did he tell you who he worked for? A. Yes, sir. Q. Who was that? BY MR. SHAVER: I object. BY THE COURT: Overruled. BY MR. SHAVER: Save my exceptions. A. Fred Wright.''

Mosier further testified that he contacted appellant, Fred Wright, either the following day or shortly thereafter, and that Fred Wright told him that it was his (Wright's) truck that was involved.

Bearing in mind that the question of ownership of the truck driven by Russell and whom he, Russell, represented, was a hotly contested issue in the case, appellant asserting that the truck was owned by Wright Lumber Co., Inc., and driven by its employee, Russell, and appellee contending that the truck was owned by appellant, Fred Wright, individually, and driven by his agent, Russell, it seems obvious that the testimony of Mosier to the effect that Russell told him that he (Russell) was driv-

ing Wright's truck at the time of the collision, if admissible—and we hold that it was not—strongly supported appellee's contention that the truck belonged to Wright, that Russell was Wright's agent, and therefore any liability would fall on Wright and not the company.

No rule of law appears to be better settled than that neither agency nor the extent of the agent's authority may be proved by his own declarations or actions, as was attempted here. This court said in the early case of *Turner* v. *Huff, et. al.,* 46 Ark. 222: "An agency cannot be proved by the declarations of the agent *in pais,* and in the absence of the party to be affected by them. 2 Wharton on Evidence, Sec. 1183." See also *Standard Mutual Benefit Corp.* v. *State,* 197 Ark. 333, 122 S. W. 2d 459.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.

Justice McFADDIN not participating.