ZULLO *v.* ALCOATINGS, INC.

5-3160                                         374 S. W. 2d 188

Opinion delivered January 13, 1964.

*Earl J. Mazander & B. W. Thomas,* for appellant.

*R. Scott Campbell,* for appellee.

FRANK HOLT, Associate Justice. This is an action by the appellee to collect $580.95 on an open account for roofing materials. In appellant's answer he admitted the purchases and by cross complaint sought $2,025.00 in damages as the "proximate result of the material not being as represented and guaranteed * * *" by the appellee. The court, sitting as a jury, found the issues in favor of the appellee. The appellant, on appeal, relies upon two points for reversal. We combine them for discussion on sufficiency of evidence since both points, in effect, contend that the evidence was insufficient to sustain the findings of the court as trier of the facts.

Appellant ordered and purchased roofing materials from appellee through a Maurice Bowman who was appellant's tenant. Appellant testified that, upon Bowman's recommendation, he employed and paid a certain individual to apply the roofing materials and that Bowman supervised the application. Within a short period of time after the application of the product on the roof,

leaking occurred which damaged the interior and furnishings of appellant's apartment building. Additional roofing material was ordered and applied to no avail and within a few months it became necessary to install a "complete new roof". Appellant contends Mr. Bowman told him he was appellee's agent and that he relied on Bowman's unconditional representation and guarantee that the roofing material would keep his roof from leaking for ten years and, therefore, appellee is bound by its agent's representations. The law is well settled that neither an agency nor the scope of an agency can be established by the declarations or actions of a purported agent. *Smith* v. *Pleasant,* 200 Ark. 1190, 139 S. W. 2d 377; *Wright* v. *Harris,* 222 Ark. 661, 262 S. W. 2d 142.

Further, it is a well established rule of law as to principal and agent that the nature and extent of an agent's authority, when the evidence is in conflict, is a question of fact for the jury. *Bradley Advertising, Inc.,* v. *Froug Stores, Inc.,* 193 Ark. 639, 101 S. W. 2d 789. The appellee denied Bowman was its agent. Appellee adduced evidence that Bowman, as its salesman, was only authorized to make such guarantees as were conditionally expressed on its brochures, invoices, and in the printed instructions furnished with the product.

The invoice received by appellant reads *inter alia:*

"No representations, agreements or promise of the salesman (not shown on this invoice) whether verbal or in writing, shall be valid, except when confirmed in writing by an officer of the company."

There is no evidence that appellee was ever aware of or confirmed in any manner Bowman's unconditional representation. The brochure and the material replacement guarantee,[1] in substance, provides for replacement

---

[1] "Should FOUR SEASONS be applied according to our simple printed instructions and fail to give you ROOFING, METAL or MASONRY PROTECTION for Ten Years from invoice date, except in case of earthquakes and other acts of God, and the account discharged per terms of order, we hereby agree to furnish NO CHARGE sufficient additional FOUR SEASONS TO KEEP your roofing, metal or masonry surface in a waterproof condition for the full duration of the TEN YEAR GUARANTEE PERIOD."

of the material for a period of ten years to keep a roof in waterproof condition when applied according to instructions. According to appellee's chief chemist the roofing material is waterproof when properly applied. It is significant in this case that no witness testified the Four Seasons Fibred Aluminum Coating roofing material was applied according to requirements.

On innumerable occasions we have held that in determining the sufficiency of the evidence to support a verdict all of the evidence must be viewed, with every reasonable inference derived therefrom, in the light most favorable to the appellee. *Harkrider* v. *Cox,* 232 Ark. 165, 334 S. W. 2d 875. Further, it is well settled law in this state that the findings of the trial court, as trier of the facts, have the verity and binding effect of a jury verdict and will be sustained if there is any substantial evidence since it is not within our province to determine where the preponderance lies. *International Harvester Co.* v. *Layton,* 148 Ark. 156, 229 S. W. 22. In the case at bar the evidence was in conflict. The appellee denied Bowman's authority to make any representations or guarantees other than those contained in the terms of the replacement guarantee which required proper application of the roofing material. It cannot be said there is no substantial evidence to sustain the findings of the trial court sitting as a jury.

The judgment is affirmed.