BUTLER *v.* REYNOLDS & DRAPER LBR. Co.

5-3497                                         387 S. W. 2d 607

Opinion delivered March 8, 1965.

*Dickey & Dickey,* By: *Jay W. Dickey, Jr.* for appellant.

*Bridges, Young & Matthews* and *Eugene S. Harris,* for appellee.

SAM ROBINSON, Associate Justice. Shortly before dusk on June 7, 1963, appellant's agent (hereinafter called appellant) drove a tractor-trailer truck out of Stuttgart, Arkansas in route to Pine Bluff. Some four miles later tire trouble developed. Appellant pulled over onto the shoulder of the road but left the truck partly on

the main portion of the highway. Several hours later, appellee's agent (hereinafter called appellee), while proceeding in the same direction in a similar truck, struck the rear of appellant's truck. Appellant brought suit for the damages to his trailer and appellee cross-complained of the damages to his truck.

The Trial Court, sitting as a jury, found both parties equally at fault and accordingly dismissed the complaint and cross-complaint. There is no appeal from the dismissal of the cross-complaint. Appellant, on appeal, contends that the evidence is insufficient to sustain the findings of the Trial Court as trier of the facts.

After parking his truck and upon discovering a flat tire, appellant caught a ride to Stuttgart, procured a jack, and returned to the tractor-trailer truck. While attempting to jack the trailer up, the jack began to sink, and the driver was forced to procure a board to go under the jack in to remove the tire. When the tire was removed, it was discovered that appellant had a "busted rim". He placed reflector flares at the scene and returned to Stuttgart to obtain this part. Between 11:00 and 11:30 P.M. appellant returned to the scene and found that the truck had been struck from the rear by appellee's truck.

Ark. Stat. Ann § 75-647 (Repl. 1957) prohibits the parking of any vehicle upon the main or travelled portion of any highway outside a business or residence district when it is practicable to park the vehicle off such part of the highway. Disabled vehicles are excluded from the prohibition if it is impossible to avoid leaving them in such a position. The Trial Court found that it was neither impossible nor impracticable under the facts of this case.

Appellant testified that his truck protruded onto the highway at least two feet. According to Trooper Cavins, it extended onto the highway three feet. The trooper further testified that the highway was twenty-four feet wide, plus asphalt shoulders of approximately seven or eight feet. Appellant's truck was eight feet in width. Though

appellant stated he failed to move further off the highway for fear of "bogging down", it readily appears that he could easily have moved a few more feet and still have remained entirely on an asphalt surface. If he feared the jack would bog down he had solved that problem with the plank. If he feared the entire truck (which was loaded with soybean meal) would bog down, certainly it would be a jury question as to the reasonableness of that belief and his subsequent actions in light of all the facts and circumstances.

In determining the sufficiency of the evidence to support a verdict, all of the evidence must be viewed, with every reasonable inference derived therefrom, in the light most favorable to the appellee. Further, it is well settled law in this state that the findings of the Trial Court, as trier of the facts, have the verity and binding effect of a jury verdict and will be sustained if they are supported by any substantial evidence. *Zullo* v. *Alcoatings, Inc.,* 237 Ark. 511, 374 S. W. 2d 188.

In the case at bar, appellant deprived a heavily travelled twelve foot trafic lane of some three feet when apparently he could have greatly relieved the situation, as the Trial Court found, by moving further off the highway onto the remaining feet of asphalt shoulder. This perilous condition was allowed to exist from dusk until at least 11:00 P.M. Since most of this time was during the night, the danger was even greater.

It cannot be said there is no substantial evidence to sustain the findings of the Trial Court sitting as a jury.

Affirmed.

HARRIS, C. J., not participating.