## H. C. PEARROW ET AL v. HAROLD HUNTSMAN d/b/a HUNTSMAN FARM STORE

5-4992                                        455 S. W. 2d 128

### Opinion delivered June 22, 1970

*Darrell Hickman,* for appellants.

*Allen, Dahlen & Young,* for appellee.

JOHN A. FOGLEMAN, Justice. The judgment of the trial court, sitting upon waiver of jury trial, was rendered in a suit brought by appellee to recover the following:

$100, balance due from M. V. Pearrow for a used tractor and cultivator

$329.37, from M. V. Pearrow upon open account for materials, goods and services

$983.89, from H. C. Pearrow and M. V. Pearrow on open account for goods, materials and services

$4,561.87, as deficiency judgment on a Model D-19 Allis-Chalmers tractor sold to M. V. Pearrow and H. C.. Pearrow as partners on May 5, 1964

$5,233.99, as deficiency judgment on an Allis-Chalmers combine and equipment sold to both of the appellants as partners on September 30, 1964

$992.05, as the balance due upon a note for $1,200 payable in annual installments of $400 each plus interest

H. C. Pearrow filed a counterclaim for $5,000 as damages alleging a breach of warranty by appellee in the representation that the tractor and combine were without defect and new. M. V. Pearrow made an identical defense. The answers of each of the parties contained a general denial. The judgment entered contained findings that appellants were indebted to appellee, after allowing all credits, in the amounts for which suit was brought. The counterclaim was dismissed.

Two points for reversal are relied upon. They are:

I.

THE COURT ERRED IN REFUSING TO FIND FOR THE APPELLANTS SIMPLY BECAUSE THE AMOUNT OF DAMAGES WAS DIFFICULT TO ASCERTAIN.

II.

THE COURT'S FINDING THAT THERE WAS NO BREACH OF WARRANTY WAS CLEARLY CONTRARY TO THE PREPONDERANCE OF

THE EVIDENCE AND CANNOT BE SUS-
TAINED.

We shall discuss them in the order listed.

## I.

This point is premised upon the assumption of
the appellants that the court's finding of fact dictated
at the conclusion of the hearing was based solely upon
uncertainty as to the amount of damages suffered by
appellants by reason of the alleged breaches of warranty.
We do not think that this assumption is warranted.
After outlining the allegations of the complaint, the
trial judge stated that testimony on the part of appellee
showed that there were balances due him, after repos-
session and sale of the equipment in the amounts alleged
in the complaint, that $992.05 was due on the promis-
sory note, that testimony on behalf of the appellants
also showed that the parties owed the amounts alleged
to be due upon open account. The trial judge then made
the following statement:

> Then, the testimony on the part of the defendant,
> M. V. Pearrow, said that they were out a lot of
> expense on their crops, quite a lot; maybe close
> to $4,000 or maybe more, and that's the nearest
> he came to giving the court any definite figures;
> the other witnesses for the defense, one testified that
> he was paid three or $400 to help combine some
> beans, and another one testified that he was paid
> probably three or four or five or $600; there is
> testimony to the effect that on the parts of the
> Defendants that the equipment was defective; I
> have testimony on the part of the Plaintiff that it
> was not defective, and it was not properly cared
> for, and abused; there is also some testimony that
> most of the complaints were taken care of during
> the warranty period.

> Now, if this court were to find that the Pearrows
> suffered damages to their crops because this equip-

ment was not in good order when they bought it, and didn't stand up, just what figure would the court fix? There is no definite testimony here as to any amount; I can't give you judgment for close to $4,000 or maybe more; I can't give you judgment for three or four or five or $600; this court cannot, under the law, speculate as to the amount of damages, or whether they existed; so, it is the holding of this court that, according to the preponderance of the evidence in this case, that Plaintiffs should recover the balance due on the contracts, $4,567.87 on the tractor contract; $5,233.99 on the combine; $992.05 on the note, for a total of, if my addition is correct, $11,771.80.

When the findings of the trial judge and the judgment entered thereon are considered together, we do not think that the inference drawn by appellants is justified. The trial judge's statement as to his uncertainty as to the amount of damages the court might fix under the testimony was stated in a question based upon a condition, *i. e.,* if the court were to find that damages were suffered because the equipment was not in good order when bought. There was no specific finding whether any damages resulted from breach of warranties asserted in the counterclaim.

The real issue on the counterclaim involved questions as to whether the equipment used by appellee as demonstrators and sold to appellants was new or used equipment. The testimony on this point was in hopeless conflict, particularly upon the very material questions as to notice of breach of the warranty, rejection of the quipment by appellants within a reasonable time and resulting waiver of the breach and the effect of continued use of the equipment inconsistent with a rejection or revocation of acceptance of the equipment by appellants. All of the questions were at issue in the case and the judgment rendered by the trial court constitutes a finding on these issues adverse to appellants. Further discussion of

this point is pretermitted, in view of the disposition we make of point II.

## II.

Appellants' second point would not constitute ground for reversal. It is not within our province to determine where the preponderance of the evidence lies. *Zullo* v. *Alcoatings, Inc.*, 237 Ark. 511, 374 S. W. 2d 188. However, even if we considered their argument as questioning the existence of substantial evidence to support the judgment, we would still sustain it on this point. The findings of the circuit court, when the judge sits as the trier of the facts, will not be disturbed on appeal where there is substantial evidence to support them. *Zullo* v. *Alcoatings, Inc., supra.* In determining the sufficiency of the evidence to support a verdict (or a judgment where the trial is to the circuit court) all of the evidence must be viewed, with every reasonable inference derived therefrom, in the light most favorable to the appellee. *Zullo* v. *Alcoatings, Inc., supra.*

The only warranty which appellant asserts on this appeal is an express warranty provided for by Ark. Stat. Ann. § 85-2-313 (Add. 1961). In asking that the contract be rescinded and damages recovered, appellants rely entirely upon the alleged representation that the goods were new. However, upon the evidence presented the trial court could have reasonably found that this representation was not made. We will examine the evidence to determine whether, viewing it in the light most favorable to appellee, there is no substantial evidence that any such warranty was made.

Wayne Huntsman, who was associated in the farm implement business with appellee, testified at length about the transaction with appellants. He stated that appellants were told that both the combine and the tractor were demonstrators and had been used. M. V. Pearrow admitted that at the time of the purchase of the tractor, appellants were told that it had been used

for demonstration purposes. Huntsman testified that, at the time of the sale of the combine, appellants were given a $900 discount because the machine had been used as a demonstrator. He also stated that an allowance of $1,693.62 was made on the price of the D-19 tractor for the same reason. M. V. Pearrow also testified that, at the time of the purchase of the combine, there were no indications that it had been used, other than to demonstrate it to a prospective buyer for an hour or two.

In passing, we might add that there was also testimony to indicate that the difficulties appellants experienced with the equipment were due to its misuse by them or their employees. We also note that there was testimony that numerous calls were made on appellants by Wayne Huntsman and by Jerry Vance, a representative of Allis-Chalmers Company, for collection purposes and that appellants made repeated promises to pay without registering any complaint about the equipment. Be that as it may, there was substantial evidence from which the trial court might well have found that appellants knew that both pieces of equipment were not new when purchased, if being new is considered in the sense that the equipment had never been used. The question whether appellee correctly represented the extent of this use was one of fact for the circuit judge. When we draw all inferences reasonable in favor of the court's judgment, it cannot be said to be without substantial evidentiary support.

The judgment is affirmed.