BEEKMAN LUMBER COMPANY v. KITTRELL.

Opinion delivered October 8, 1906.

1.  JOINDER OF CAUSES—PRACTICE.—Two causes of action may be joined where they arise on contract, and each of them affects all the parties to the action. (Page 231.)

2.  PARTIES—HUSBAND AND WIFE.—Upon a contract made in his name a husband may bring suit in his own name, even though it is for the benefit of his wife; but there is no impropriety in making her a party also. (Page 231.)

3.  AGENCY—PROOF.—While the relation of principal and agent can not be established by declarations of the agent, such relation may be proved by the testimony of the agent as well as by that of any other witness who possesses knowledge of the facts. (Page 231.)

4.  DAMAGES—LOSS OF PROFITS.—Where plaintiff entered into a contract to perform certain work for the defendant, which he was prevented from doing by the fault of defendant, he is entitled to recover the profits which the evidence makes reasonably certain that he would have made had defendant carried out its contract. (Page 232.)

5.  SAME—DUTY OF PLAINTIFF TO LESSEN DAMAGES.—In a suit to recover damages for breach of a contract whereby defendant undertook to furnish sufficient lumber to keep plaintiff's planer running at its full capacity, defendant can not complain that plaintiff should have purchased lumber to keep his plant running if plaintiff undertook to do so and defendant objected. (Page 233.)

6.  INSTRUCTIONS—CONSTRUCTION AS A WHOLE.—Where defendant undertook to furnish to plaintiff sufficient lumber to keep a planing plant busy, "except in cases of delay beyond the contol of the defendant," an instruction that the exception quoted meant the act of God or some calamity beyond the control of defendant was not prejudicial when taken in connection with another instruction that the burden was on plaintiff to show, not only that defendant failed to furnish the lumber as agreed, "but also that such failure was caused by circumstances not beyond the control of the defendant." (Page 233.)

7.  COUNTERCLAIM—FILING REPLY AFTER TRIAL.—Where evidence was introduced by plaintiff at the trial tending to rebut the allegations of a counterclaim as if they had been denied, it was within the court's discretion to permit plaintiff subsequently to file a formal reply thereto. (Page 234.)

Appeal from Ashley Circuit Court; Z. T. Wood, Judge; affirmed.

T. M. Hooker, for appellant.

1. There was a misjoinder of actions, and the special demurrer should have been sustained. 58 Ark. 136. Breaches of contract requiring different findings are independent causes of action, though arising on the same contract. 47 Mo. 70; 47 Mo. 239; 51 Ia. 576.

2. L. W. Kittrell, not being a party to the contract with defendant, could not maintain this suit. Some privity between the plaintiff and the defendant must be shown. 12 Rich. (S. C.), 101; 76 Ark. 352. Declarations of an alleged agent are not competent in proof of his agency. 71 Ark. 192. Declarations of a husband as to his agency in transacting business for his wife are not sufficient evidence of his authority to act for her. 44 Ark. 213; McKelvey on Ev. 280; 2 Wharton on Ev. § 1284; 43 Ark. 294.

3. In case of breach of contract, it is the duty of the injured party to employ reasonable efforts to lessen the injury and to make it as light as possible. 1 Sutherland on Dam. 148. "When there is a contract to supply a thing, and it is not supplied, the damages is the difference between the thing you were to have had and the thing you get." *Ib.* 157. See, also, 57 Ark. 257; 2 Ark. 377; 70 Ark. 39. The damages complained of was too remote, speculative and not susceptible of proof. 57 Ark. 203.

*Robert E. Craig,* for appellee.

1. The suit was properly brought for the use of L. W. Kittrell, she being the real party in interest. Defendant was not thereby deprived of the benefit of any defence it had under the contract with W. E. Kittrell. The testimony of the latter was admissible to prove his agency.

2. The suit being between the same parties on contract expressed and implied growing out of the same subject-matter, there is no misjoinder. Kirby's Digest, § 6079; Bliss, Code Pl. § § 117, 119-121, 123; Pomeroy on Remedies, § § 437-450.

3. The damages claimed can not be classed as remote and speculative. The exclusive use of the planing plant was engaged for a definite time and under contract to pay definite prices to plaintiff for dressing, ripping and resawing a certain quantity

of lumber to be furnished daily by defendant. 69 Ark. 219; 71 Ark. 408.

4. In view of the fact that appellant objected when plaintiff obtained other lumber to dress, after appellant had failed to furnish lumber as agreed, it is now in no position to urge that plaintiff did not employ proper efforts to lessen the injury.

RIDDICK, J. This is an action on contract brought by W. E. Kittrell for the use of his wife, L. W. Kittrell, against the Beekman Lumber Company, to recover damages for breach of contract. The facts, briefly stated, are as follows:

W. E. Kittrell is the husband of L. W. Kittrell. Mrs. Kittrell was in 1902 the owner of a planing mill plant located in Ashley County. The Beekman Lumber Company of Kansas City, Missouri, was engaged in buying and shipping lumber in that county. In that year W. E. Kittrell made a written contract with the Beekman Lumber Company, by which he agreed to dress lumber for that company for certain prices named in the contract, ranging from $1.00 to $3.00 per thousand according to the kind of lumber and the amount of work to be done on it. The contract contained the following stipulation on the part of Kittrell: "I agree furthermore to dress lumber exclusively for the said Beekman Lumber Company, except in case of the inability of the Beekman Lumber Company to keep at least one machine stocked, and such custom dressing as not to interfere with the interest of the Beekman Lumber Company. I agree also to run the mill at its full capacity eleven hours a day, except in case of unavoidable accident, said capacity to be at least 15,000 feet per day of eleven hours."

On the part of the lumber company there was this stipulation: "The Beekman Lumber Company agrees to furnish the said W. E. Kittrell sufficient lumber to keep said planing mill plant running at its full capacity during this contract, except in cases of delay beyond control of the said Beekman Lumber Company."

The contract provided that it should last four months from May 24, 1902, allowing the lumber company the privilege of extending it to January 1, 1903. The contract was not extended, though the lumber company afterwards furnished lumber for Kittrell to plane. This contract was made in the name of W. E.

Kittrell, but he brought this suit in his name for the use and benefit of his wife, L. W. Kittrell, and testified that she was the owner of the property, and that the contract was made for her benefit. The complaint contained two causes of action set out in different paragraphs. The first paragraph set up a failure of the defendant company to furnish lumber sufficient to keep the planing mill plant running at its full capacity, by reason of which failure plaintiff alleged damages in the sum of $1,720.28. The second count was an action to recover for planing lumber done after the expiration of the written contract referred to, and for which plaintiff claimed the sum of $314.95. as due and unpaid.

The defendant filed a demurrer to the complaint on account of the misjoinder of actions, which was overruled. It also filed an answer denying the material allegations of the complaint.

The plaintiff recovered judgment for $925 on the first count in the complaint, and for $314.95 on the second with interest, and defendant appealed.

There were a number of exceptions saved to rulings of the circuit court at the trial, but we shall notice only those points referred to in the brief of counsel.

The first contention is that there was a misjoinder of actions. But this is clearly not tenable, for the two causes of actions sued cn arose on contracts, and each of them affected all the parties to the action, and under our statute could be joined. Kirby's Digest, § 6079.

The next contention is that Mrs. Kittrell could not bring this action for the reason that she was not a party to the contract with the Lumber Company. But the suit was brought in the name of W. E. Kittrell for the use and benefit of Mrs. Kittrell. As the contract was made in the name of W. E. Kittrell, he had the right to bring the action in his own name, even though it was for the benefit of his wife. Kirby's Digest, § 6002. His stating that the action was for the use and benefit of Mrs. Kittrell did not affects the rights of the defendant company, nor prejudice it in any way, and furnishes no ground to reverse the judgment.

It is true, as counsel for appellant says, that in an action against a principal the declarations or admissions of the agent are not competent to prove the agency, but this rule does not refer to the testimony of the agent but to his unsworn declara-

tions. An agency may be established by the testimony of an agent, as well as that of any other witness who has knowledge of the facts. The testimony of Kittrell that his wife was the owner of the planing mill and interested in the contract was not contradicted, and it was therefore not improper to make her a party, though, as before stated, it was not necessary.

The circuit judge instructed the jury that, if the defendant could have furnished a sufficient quantity of lumber to have kept the planing mill plant of plaintiff running at its full capacity, and failed to do so, the plaintiff was entitled to recover such sum as the evidence shows that he would have earned had the defendant performed its contract and furnished such lumber. Counsel for defendant contends that plaintiff can not recover for loss of profits in a case of this kind, and that the theory on which the case was presented was therefore erroneous.

The rule in reference to the recovery of profits is thus stated in a recent work: "The recovery of profits as in the case of damages for the breach of contracts in general depends upon whether such profits were within the contemplation of the parties at the time the contract was made. If the profits are such as grow out of the contract itself, and are the direct and immediate result of its fulfillment, they form a proper item of damages." 13 Cyc. 53, 54. Such damages "must be certain both in their nature and in respect to the cause from which they proceed. It is against the policy of the law to allow profits as damages where such profits are remotely connected with the breach of contract alleged, or where they are speculative, resting only upon conjectural evidence or the individual opinion of parties or witnesses." 13 Cyc. 53; *Spencer Medicine Co.* v. *Hall,* 78 Ark. 336.

Now, in this case the plaintiff had entered into a contract to perform certain work for the defendant, which he was prevented from doing, as the jury found, by the fault of the defendant; and we are of the opinion that the profits which the evidence makes reasonably certain that plaintiff would have made had defendant carried out its contract may be recovered. *Spencer Medicine Co.* v. *Hall,* 78 Ark. 336.

Again, it is said that the prices for work to be done in finishing the lumber varied from $1 to $3 per thousand feet according to the kind of finishing done, and that defendant had

the right to select this work, and could have chosen the lowest price. But the lowest price $1 per thousand was to be charged for ripping, and defendant would not have complied with its contract, had it furnished lumber for ripping only. The contract required that, except in cases of delay beyond its control, it should furnish sufficient lumber to keep the planing mill plant running at its full capacity. Now, the plant included two planing machines, besides an edger and resaw machine, and it is evident that this plant could not have been run at its full capacity if lumber had been furnished for ripping only, for the planing machines would have been left with nothing to do. The main purpose of the contract was to dress lumber, and plaintiff testified that the average price under the contract for the lumber actually furnished by defendant was $2.45 per thousand. He also testified that on the whole contract defendant was over eight hundred thousand feet short on the lumber to be furnished, and the amount of the verdict shows that the jury did not allow much over $1.50 per thousand for this shortage. Judging from the evidence, this amount was not excessive.

Again, it is said that it was the duty of the plaintiff to lessen the injury, and that he could have purchased lumber to keep his plant running. But there was no contract to purchase lumber, and it was no part of plaintiff's duty to do so. It is true that he should not have allowed his plant to remain idle if he could have obtained work for it to do. Plaintiff testified that when defendant failed to furnish sufficient lumber he did make an effort to obtain lumber from other parties, and obtained some, but that defendant objected, and claimed that under the contract plaintiff must dress lumber exclusively for defendant, and that on account of this objection plaintiff made no further effort to obtain lumber from other parties. If defendant objected to plaintiff's dressing lumber for other parties, it has now no right to complain that plaintiff refrained from doing so. Whether such objection was in fact made was a question for the jury.

The court at the request of the plaintiff told the jury that the clause in the contract which reads "except in cases of delay beyond the control of the Beekman Lumber Company" means the act of God, or some calamity beyond the control of the Beekman Lumber Company. For the defendant he told the jury that

the burden of proof was on plaintiff to show, not only that defendant had failed to furnish the lumber as required by the contract, "but also that such failure was caused by circumstances not bevond the control of the defendant." Counsel for defendant objects to the use of word "calamity" in the instruction given at request of plaintiff, but we think, when the two instructions on this point are read together, it is clear that the word "calamity" was used in the sense of mischance or misfortune, and that, when these two instructions are read together, there could be no misunderstanding of the court's meaning.

Again, the defendant asked the court to tell the jury that, as the allegations contained in its counterclaim had not been controverted by any reply, these allegations must be taken as true. The court refused to do so, and permitted the plaintiff to file a reply to the allegations in the counterclaim. As evidence was introduced by plaintiff on the trial tending to rebut the allegations of the counterclaim as if they were denied, it was clearly within the discretion of the presiding judge to permit plaintiff to file a formal reply thereto, though this was after the evidence had been introduced.

No objection to any other instruction is made in the brief of appellant, and, as we have said, the objections made are, in our opinion, not sound.

There was ample evidence on which the jury might well have found a lower amount, or even have returned a verdict in favor of the defendant. But they did not do so, and we are not able to say that their verdict in favor of plaintiff, though it seems liberal, is without evidence to sustain it. On the contrary, we think, under the conflict of the testimony, it was within the province of the jury to find in favor of the plaintiff for the amount of their verdict. Being of the opinion that the objections to the rulings of the presiding judge pointed out by counsel for defendant are not tenable, it follows that the judgment should be affirmed. It is so ordered.