### BELL v. STATE.

### Opinion delivered February 21, 1910.

1. LIQUORS—ILLEGAL SALES BY AGENT.—The owner or proprietor of a saloon is criminally responsible for illegal sales of liquor made by his servants and agents within the scope of their general employment. (Page 603.)

2. AGENCY—HOW PROVED.—The fact of agency can not be established by the declarations of the alleged agent. (Page 603.)

3. SAME—HOW PROVED.—The fact of agency may be proved by circumstantial evidence. (Page 603.)

4. EVIDENCE—VENUE.—The courts will take judicial notice that a town of several hundred inhabitants with post and express offices is located in a certain county. (Page 604.)

5. INSTRUCTIONS—GENERAL OBJECTION TO PARTICULAR WORD.—Where, in a prosecution for unlawfully selling ardent, malt and fermented liquors, the evidence tended to prove an unlawful sale of beer, the error of referring in an instruction to the liquor alleged to have been unlawfully sold as "whisky" should be reached by a specific objection. (Page 605.)

Error to Sebastian Circuit Court, Greenwood District; *Daniel Hon,* Judge; affirmed.

*C. T. Wetherby,* for appellant.

1. The venue was not proved. If it be conceded that the court can take judicial notice that cities and incorporated towns in the State are within the jurisdiction of any particular court, it nevertheless could not take judicial notice of collections of houses, although they may have a name by which they are locally known. "Old Jenny Lind" or "Mine 18" is not found on any map, and is not even a postoffice. Bonanza is on the State line, and there is nothing in the record to show that Old Jenny Lind or Mine 18 may not be in Oklahoma, or in the Fort Smith District. 7 Ark. 512; 100 Va. 860; 106 Cal. 690.

2. The verdict is contrary both to the law and the evidence. The indictment charges defendant with selling liquor without license. There is no allegation that he sold by agent. The evidence would sustain a verdict of guilt on the part of Peet, but the fact that he drove a wagon at Bonanza for defendant, and his bare statement to Blackard that the beer, team and wagon belonged to appellant, were not sufficient to connect appellant with this transaction. There is also a variance between the indictment and the proof, in this: he is charged with selling liquor at Jenny Lind, and is met at the trial with proof of a sale at a different place. 12 O. St. 387; Black on Intox. Liquors, § 516.

3. It was error to charge the jury to find appellant guilty if they found that he sold *whisky* at Old Jenny Lind. There was no proof that whisky was sold.

4. When the appellant requested the court to instruct the jury that it was necessary for the State to prove beyond a reasonable doubt that the man who delivered the beer was the agent of appellant, before the latter could be convicted, it was error to strike out of the instruction the words "beyond a reasonable doubt." Agency was the only question in the case, as, under the proof, there was no doubt of Peet's guilt. When these words were struck out, the jury were left with no guide whatever as to the burden resting upon the State.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

1.  The venue is sufficiently established by the proof. It is not necessary that it be proved beyond a reasonable doubt. A preponderance of the evidence is sufficient.

2.  If Peet acted as appellant's agent in the sale of the liquor, appellant is criminally liable. Such agency is sufficiently shown in the evidence.

3.  There is no error in the instructions. As to the use of the word "whisky" in the instructions, it was not prejudicial, and moreover, if objectionable, it should have been met by a special request for instruction, so as to call the trial court's attention to it.

4.  If a preponderance of the evidence showed the agency of Peet, that was sufficient to establish such agency. Nevertheless, under the proof, the jury would have been warranted in saying that Peet was appellant's agent in the transaction, beyond a reasonable doubt.

FRAUENTHAL, J.  The appellant was convicted of the offense of selling liquor without license in violation of section 5112 of Kirby's Digest, and seeks by this appeal a reversal of the conviction. The indictment in effect charged that the appellant did, in 1908, unlawfully sell and was interested in the sale of ardent and malt and fermented liquors in Jenny Lind in the Greenwood District of Sebastian County without first having procured a license therefor.

The evidence tended to establish the following facts: The appellant was in 1908 engaged in the saloon business at Bonanza, which is in said Greenwood District, a short distance from Jenny Lind, which is also located in said district; and he was the agent of the Cook Brewing Company; at this time one Joe Peet was working for appellant, and was employed in driving appellant's wagon in the delivery of beer and other liquors, and on a number of different occasions delivered kegs of beer in appellant's wagon in Jenny Lind.

The prosecuting witness, who resided in "old" Jenny Lind, as he called the town or in Jenny Lind, as the town is called by another witness, gave an order to Joe Peet for beer, and in a few days thereafter Joe Peet delivered the beer to him at Jenny Lind in the appellant's wagon, and there received the payment therefor. Upon cross-examination this witness stated that

Joe Peet told him he was then working and delivering the beer for appellant.

It is earnestly urged by counsel for appellant that there is not sufficient evidence adduced in this case to sustain the verdict of the jury. The owner or proprietor of a saloon is responsible for the illegal sales of liquor made by his servants and agents within the scope of their general employment; and under the above section of Kirby's Digest the employer is criminally liable if he makes an unlawful sale of liquor by such servant or agent or if he is interested in such sale. As is said in the case of *Robinson* v. *State*, 38 Ark. 641: "The law says to persons wishing to engage in selling spirituous liquors, or to be interested in sales thereof, you must be careful in the selection of your partners or servants, and watchful of their conduct in your business; for, if they make forbidden sales, you are responsible. You must see that sales in which you are interested are not made without license." *Lewis* v. *State*, 21 Ark. 209; *Waller* v. *State*, 38 Ark. 656; *Edgar* v. *State*, 45 Ark. 356; *Mogler* v. *State*, 47 Ark. 109.

But it is claimed that there is no proof that Joe Peet was the servant or agent of appellant. It is true that agency is a fact the proof of which must be made by the party affirming it. The declarations of the alleged agent are not admissible to prove the fact of the agency, but it must be established by other evidence. *Carter* v. *Burnham*, 31 Ark. 212; *Holland* v. *Rogers*, 33 Ark. 251; *Chrisman* v. *Carney*, 33 Ark. 316; *Howcott* v. *Kilbourn*, 44 Ark. 213; *Turner* v. *Huff*, 46 Ark. 222; *Beekman Lbr. Co.* v. *Kittrell*, 80 Ark. 228.

But the fact of agency need not be proved by direct evidence. Any evidence which is otherwise competent and has a tendency to establish the agency is admissible, and it becomes then the province of the jury to pass upon the weight and sufficiency of it. Circumstancial evidence is competent to establish the fact of agency. 31 Cyc. 1661.

The relation and connection between the principal and agent, or between the employer and servant, may be shown by facts and circumstances from which the relation may be inferred. Although it may not be directly proved that the alleged servant was employed or authorized to make the illegal sale, neverthe-

less, if the facts and circumstances introduced in evidence are sufficient to induce in the minds of the jury the belief that the relation of employer and servant did exist between the parties and that the alleged servant was acting for the employer in the forbidden sale, then this would be sufficient to sustain a conviction. 23 Cyc. 256.

In this case we think there was some testimony adduced from which the jury were warranted in finding that Joe Peet was in the employ of appellant when he sold and delivered in appellant's wagon the beer to the prosecuting witness, and that appellant was interested in the sale. The jury were the exclusive judges of the weight of that testimony, and their determination of that question of fact is conclusive.

It is urged that the venue of the offense has not been proved, because no witness testified that the sale was made in the Greenwood District of Sebastian County. The evidence showed that the sale was made in Jenny Lind. As held in *St. Louis, I. M. & S. Ry. Co.* v. *Magness,* 68 Ark. 289, the courts will take judicial notice that a town of several hundred inhabitants with post and express offices is located in a certain county. And Jenny Lind is such a town; and the courts will take judicial notice of the fact that it is located in Greenwood District of Sebastian County. *Wilder* v. *State,* 29 Ark. 293; *Forehand* v. *State,* 53 Ark. 46; *Lyman* v. *State,* 90 Ark. 596.

It is also urged in this connection that one of the witnesses testified that the place where the sale was made was "old" Jenny Lind. But the other witness named the place as Jenny Lind. This would be sufficient to establish the place, and the jury were warranted in concluding that the witness who characterized the place as "old" Jenny Lind referred to the Jenny Lind named by the other witnesses, and that the descriptive word of "old" may have been an expression by the witness of familiarity or attachment for the place.

In its first instruction to the jury the court, in referring to the liquor charged to have been unlawfully sold, called it "whisky," and the appellant contends that this was error because there is no evidence that any whisky was sold. It is true that all the evidence showed that only beer was sold; but if the appellant intended to press and rely upon this objection to the

instruction, he should have made this objection specifically to the instruction in the lower court. He did not call the court's attention to this obvious defect in the expression used in the instruction, but only made a general objection thereto. This emphasizes the need of the rule that, before such an objection can be considered as well taken, a specific objection must be made to the instruction, in order to call the court's attention to the omission or error complained of, so that the court could have an opportunity to correct it. *Ark. Midland Rd. Co.* v. *Rambo,* 90 Ark. 108.

In this case the jury could not have been misled by the use of the incorrect name of the liquor, or the defendant prejudiced thereby; because the other instructions referred to the liquor by its correct name. The use of an objectionable word in an instruction should be met by a specific objection, which was not done in this case. *Sloan* v. *Little Rock Ry. & Elec. Co.,* 89 Ark. 574.

The appellant asked the court to instruct the jury, in effect, that, before they could convict, it was necessary for the State to prove beyond a reasonable doubt that the driver of the wagon who delivered the beer was the agent or employee of and acting for appellant at the time the beer was delivered. The court eliminated the words "beyond a reasonable doubt," and otherwise gave the instruction as requested. The appellant urges this as error. But in other instructions given by the court to the jury it told the jury, in effect, that, before they could convict, they must find from the evidence beyond a reasonable doubt that the defendant did make or was interested in the sale of the liquor. The instruction, as modified and given, was not erroneous, and was in harmony with the other instructions, which sufficiently required that the proof on the part of the State should be beyond a reasonable doubt in this essential, as well as in every essential ingredient of the offense, before the jury could convict the defendant.

In the trial of the case we find no errors that are prejudicial to the rights of appellant, or which deprived him of a fair trial.

The judgment is affirmed.