BODDY *v.* THOMPSON.

Opinion delivered February 25, 1929.

74

J. O. *Livesay* and *Lake, Lake & Carlton,* for appellant.

*Otis Gilleylan* and *Shaver, Shaver & Williams,* for appellee Thompson.

*Wm. S. Atkins,* for appellee Farnsworth-Evans Company.

KIRBY, J., (after stating the facts). There are numerous assignments of error, a few of which only are insisted upon here, and fewer still necessary to be considered under our determination of the matters in question.

The undisputed testimony shows that the replevin suits were brought for the property in an attempt to foreclose the mortgage thereon, under the terms of which was still due the appellant from Thompson, the mortgagor, $15,858.74. The jury found the issue in favor of Thompson, the mortgagor, fixing the value of the property replevined at the amount for which it was sold by the mortgagee, $5,298.30, and allowed $1,000 damages for the detention thereof. This was evidently done under its finding that appellant had breached his agreement to lease his plantation to Thompson for the year 1928 and extend the time for the payment of the balance due under the mortgage accordingly, and, as already said, there is some substantial testimony in support of this finding, which cannot therefore be disturbed, without regard to the weight of the testimony thereon.

There is no merit in appellant's contention that the court erred in refusing to give his requested instruction No. 1, relative to the alleged oral contract for the rent of the place for the year 1928 being within the statute of frauds. It is true such oral contract was made in December, 1927, before, but it was for the lease of the place for the year 1928. An oral contract for the lease of lands for one year, to commence at a date subsequent to the

making thereof, is not within the statute of frauds. *Alexander-Amberg Co.* v. *Hollis,* 115 Ark. 589, 171 S. W. 915.

Neither could the entry into an entirely new contract by the parties for the lease of the lands for another year be regarded as without consideration, under the circumstances, even though appellee made payment of $2,800 of an indebtedness which he was already bound for in consideration thereof. If appellant derived no profit from the agreement, it would suffice if appellee, to whom the promise was made, suffered some detriment or disadvantage on account of it, which appears to have been the case. *Morgan* v. *Shackleford,* 174 Ark. 341, 295 S. W. 46; *Nothwang* v. *Harrison,* 126 Ark. 548, 191 S. W. 2; *Green* v. *Hollingshead,* 172 Ark. 578, 290 S. W. 51; *Engleman* v. *Brisco,* 172 Ark. 1088, 291 S. W. 795.

The court erred, however, in disregarding the undisputed testimony in the case and appellant's prayer for a judgment for the balance conceded to be due under his mortgage, which he was entitled to recover under the pleadings and prayer therefor, less any amount to which appellee could have shown himself entitled, under his claim to the right of possession of the property and damages for the detention thereof. The jury has found such amount to be as already set out, and the court should have entered judgment for appellant for the amount of the balance of the appellee's indebtedness to him under the mortgage, less the amount found to be due appellee for the value of the property replevined and the damages for its unlawful detention. *Brunswick-Balke-Collender* v. *Culberson,* 178 Ark. 957, 12 S. W. (2d) 903.

The judgment must accordingly be reversed, and, the case having been fully developed, judgment will be rendered here in appellant's favor for said balance due, in accordance with this opinion. It is so ordered.

In the case against appellee Farnsworth-Evans Company, as already stated, there was substantial testimony supporting the jury's finding that Thompson was author-

ized to make the sale of the cotton. Neither is there any merit in appellant's contention that the court erred in giving appellee's requested instruction No. 8, as follows:

"You are instructed that, in arriving at whether or not plaintiff authorized or consented for Thompson to sell the cotton from plaintiff's farm, you may take into consideration all the facts and circumstances in evidence, including the conduct, acts and statements of the parties had and made in reference thereto."

In *Beekman Lumber Company* v. *Kittrell*, 80 Ark. 228, 96 S. W. 988, the court said:

"It is true that, in an action against principal, the declarations or admissions of the agent are not competent to prove the agency; but this rule does not refer to the testimony of the agent, but to his unsworn declarations. An agency may be established by the testimony of an agent, as well as that of any other witness who has knowledge of the facts."

See also *Ayer-Lord Tie Company* v. *Young*, 90 Ark. 106, 117 S. W. 1080; *Concordia Ins. Co.* v. *Mitchell*, 122 Ark. 357, 183 S. W. 770; *Pine Bluff Heading Co.* v. *Bock*, 163 Ark. 237, 259 S. W. 408; *Oil City Iron Works* v. *Bradley*, 171 Ark. 45, 283 S. W. 362; *Southern Bauxite Co.* v. *Brown-Pearson Co.*, 172 Ark. 117, 288 S. W. 377; *General Motors* v. *Salter*, 172 Ark. 691, 290 S. W. 584.

Neither was error committed in striking out of appellant's requested instruction No. 1 the words "and received the proceeds from such sale," the instruction having told the jury that the value of the cotton may be recovered by the plaintiff, unless he authorized Thompson to sell the same and received the proceeds from such sale. The court told the jury, in appellee's requested instruction No. 1, that if they found from a preponderance of the evidence that the plaintiff "authorized and consented for the defendant Thompson to market and collect for the cotton, they would find for the defendant." This instruction is not in conflict with the instructions complained of, given as amended, and, if so, could not have been prejudicial to appellant.

If Thompson had the authority to sell the cotton of which he was in possession, as the jury found he had, it necessarily included the right to receive the sale price, regardless of his appropriation thereof. There is no question here of the indorsement by Thompson of a check drawn in favor of appellant, given in payment for the cotton, and the authorities relied upon in such case are not in point.

We find no reversible error in the record in this case, and the judgment will be affirmed. It is so ordered.