LICHTY *v.* FAISST.

Opinion delivered November 18, 1929.

430

*I. J. Friedman* and *Dean, Moore & Brazil,* for appellant.

*G. B. Colvin,* for appellee.

KIRBY, J. (after stating the facts). Appellant insists that the court erred in not directing a verdict in his favor, and the contention should be sustained. Appellee

admitted the execution of the conditional sales contract for the machine sold him by Lichty reserving the title to the ice-plant machine until paid for, and default made in the payment, and made no allegation of any defense to the claim for possession further than to deny that appellant was the party from whom he purchased the machine, and entitled to the possession of the property under the contract made. He alleged no defense to the suit, obviously one to collect the balance of the purchase money due under the contract of sale, by way of counterclaim or set-off, as he had the right to do (§ 8654a, C. & M. Digest; *Brunswick-Balke-Collender Co.* v. *Culberson,* 178 Ark. 957, 12 S. W. (2d) 903; *Boddy* v. *Thompson,* 179 Ark. 71, 14 S. W. (2d) 240), and admitted having made default in the payment of the purchase money under the terms of the contract he executed. In other words, he admitted making the purchase of the property, the execution of the conditional sales contract retaining the title by the seller until paid for, having made payments of the purchase money under its terms, and only claimed that it had not been executed to Lichty as it appeared to have been in the signature upon the original contract.

The undisputed testimony showed that Lichty had purchased and paid for the plant or machine sold by him to appellee, that it was invoiced and delivered to the appellee by Lichty under the name of one of his trading companies, and that no one else had any interest in or claim upon the property under the conditional sales contract with appellee at the time of the suit brought, and that appellee had made default in the payments under the contract warranting the recovery of the property in the replevin suit by the owner for the collection of the balance of the purchase money due.

The court should have granted a peremptory instruction in appellant's favor, and for his failure to do so the judgment will be reversed, and the cause remanded with directions to enter a judgment for appellant for the possession of the property or its value, the amount of

the purchase money still due under the sales contract. It is so ordered.