MORLEY, COMMISSIONER OF REVENUES v. CASSINELLI.

4-9097                                               224 S. W. 2d 828

Opinion delivered November 28, 1949.

Rehearing denied December 19, 1949.

---

176

*O. T. Ward* and *H. Maurice Mitchell,* for appellant.

*Alston Jennings,* for appellee.

HOLT, J.   August 10, 1949, following a hearing before the Arkansas State Commissioner of Revenues, the beer permit previously issued to appellee, V. E. Cassinelli, operator of a restaurant known as the Brass Rail in Little Rock, was by order of the Revenue Commissioner suspended for a period of 60 days. The grounds on which the Commissioner based the suspension order were that the evidence showed that appellee sold beer to minors, and allowed whiskey to be drunk, in his restaurant.

The appellee filed complaint, and sought injunctive relief in the Pulaski Chancery Court, and alleged among other things "that the testimony taken at the said hearing before the Commissioner was insufficient to justify the suspension ordered by the defendant; that the action of the defendant in attempting to suspend plaintiff's permit is arbitrary and unlawful; that said action was taken without cause and that the plaintiff has at all times conducted his said business in a proper and lawful manner."

His prayer was that the suspension order be declared void and the Revenue Commissioner permanently re-

strained from interfering with appellee's business, or the sale of beer by appellee.

From the decree granting the relief prayed is this appeal.

At the outset we must bear in mind that we are dealing here with a permit to sell beer, and not a liquor permit. While Act 108 of the Legislature of 1935 provides for an appeal to the Pulaski Chancery Court from an order of the Revenue Commissioner affecting a liquor permit (Ark. Stats., 1947, § 48-317), we find no provision in that act for an appeal to the Chancery Court of Pulaski County from an order of the Commissioner revoking or suspending a beer permit. The act specifically provides that beer that does not contain more than 5% of alcohol by weight is excepted from the provisions of the act and shall be regulated as provided by Act No. 7 of the 1933 Extraordinary Session of the Legislature. Article 1, § 6 of Act 108 (now Ark. Stats., 1947, § 48-107) provides in part: "The word 'malt' shall mean liquor brewed from the fermented juices of grain and containing more than five (5%) per centum of alcohol by weight. Beer containing not more than five (5%) per centum of alcohol by weight and all other malt beverages containing not more than five (5%) per centum of alcohol by weight are not defined as malt liquors, and are excepted from each and every provision of this act.

"It is further provided that malt and vinous beverages containing more than 3.2% of alcohol by weight and not more than 5% of alcohol by weight shall be taxed and regulated as provided for malt and vinous beverages containing not more than 3.2% alcohol by weight under the provisions of Act No. 7 of the Acts of the Extraordinary Session of the General Assembly of 1933, approved August 24, 1933, (§§ 48-501 to 48-527)."

So the procedure affecting the suspension of the beer permit is governed by Act 7 of 1933, *supra,* which also contains no provision for an appeal to a Chancery Court. Any aggrieved person must proceed by some other method, such as injunction or *certiorari.*

While the language used in the decision of this court in *Blum* v. *Ford, Commissioner of Revenues,* 194 Ark. 393, 107 S. W. 2d 340, would seem to uphold the right of appeal in the present case to the Pulaski Chancery Court from the order of the Commissioner, we hold the following language, in the opinion: "Act 108 above referred to provides that the dealer may appeal to the chancery court, and that is what the appellants did in this case," is *dictum* and was unnecessary to the opinion. As a matter of fact, in that case, as in the present case, injunctive relief was sought to prevent the cancellation of the beer permit and there had been in fact no appeal taken. The procedure followed there was proper and resulted in a denial of the injunctive relief sought. It was there said: "Selling beer is a privilege, and not a right, and the state has an absolute right to control it or to require the Commissioner of Revenues to administer the act and enforce it, and if necessary to accomplish these purposes, he may cancel or revoke a permit that has been issued. . . . He cannot do this arbitrarily, but can only do it after an investigation that discovers violation of the law by the permittee."

The Commissioner, in revoking or suspending a permit, must always act with sound discretion, and when that discretion is once exercised, unless a clear abuse thereof is shown, or it is shown that he is acting arbitrarily, his discretion will not be controlled by the courts. The Commissioner's power, however, is not absolute, but is always subject to review as heretofore indicated.

In the present case, there was ample evidence that appellee knowingly sold beer to minors in his place of business contrary to the provisions of Ark. Stats. (1947), § 48-529. Whether the sales were made through appellee's employees, as here, or by appellee himself, makes no difference.

The principles of law announced in the case of *Bell* v. *State,* 93 Ark. 600, 125 S. W. 1020, apply here. In that case, beer was sold by an employee, or agent, of a saloon keeper in violation of a liquor license law, and it was there said: "The owner or proprietor of a saloon is re-

sponsible for the illegal sales of liquor made by his servants and agents within the scope of their general employment; and under the above section of Kirby's Digest the employer is criminally liable if he makes an unlawful sale of liquor by such servant or agent or if he is interested in such sale. As is said in the case of *Robinson* v. *State*, 38 Ark. 641: 'The law says to persons wishing to engage in selling spirituous liquors, or to be interested in sales thereof, you must be careful in the selection of your partners or servants, and watchful of their conduct in your business; for, if they make forbidden sales, you are responsible.' "

Accordingly, the decree is reversed and the cause remanded with directions to reinstate the order of the Revenue Commissioner.

DUNAWAY, J., disqualified and not participating in the decision.