JEFFERY STONE Co. *v.* LESTER H. RAULSTON

5-4131 412 S. W. 2d 275

Opinion delivered February 27, 1967

[Rehearing denied April 3, 1967.]

*Terral, Rawlings, Matthews & Purtle,* for appellant.

*Edward Boyett,* for appellee.

PAUL WARD, Justice. This is a Workmen's Compensation case. Jeffery Stone Company (appellant) is the employer and Lester H. Raulston (appellee) is the

claimant. Appellant's insurance carrier was a defendant and is also one of the appellants. Appellee's claim is based on silicosis.

The Referee denied appellee's claim, the full Commission allowed the claim, and the Circuit Court upheld the Commission.

Appellant here urges four separate points for a reversal. These points will be designated and discussed in the order presented to us. Necessary references to the record will be made as each point is discussed.

*One.* The essence of appellant's first contention is that appellee must offer more than mere *substantial* evidence that his disability was caused by silicosis because he was not employed for a period of five years. A basis for this contention is Ark. Stat. § 81-1314 (b) (2) (Repl. 1960). The portion of subdivision (2) applicable to the facts here reads as follows:

> "In the absence of conclusive evidence in favor of the claim, disability or death from silicosis ... shall be presumed not to be due to the nature of any occupation within the provisions of this section, unless ... the employee has been exposed to the inhalation of silica dust ... over a period of not less than five (5) years ...."

We see no merit in this contention.

Both the Referee (who denied the claim) and the full Commission found appellee had been in the employment of appellant for a period of more than five years, and we think they were correct in doing so. Appellant admits appellee began work on June 15, 1959 and quit (or had to leave) on October 8, 1964—a period of three months and twenty three days more than five years. However, there are some deductions which appellant would make as presently shown.

(a) It is true that there was a period of two months and ten days when appellee did not work. However it does not clearly appear that he was not still in the employment of appellant during this time. Appellee said he thought he was. At any rate we think the Commission was justified in so finding. Even if he was not, that still leaves a period of one month and thirteen days over the five year period.

(b) The record shows that appellee was not actively working, due to illness, on two different occasions totaling a few days more than the one month and thirteen days mentioned above. Appellant apparently contends that these two sickness periods should also be deducted. On this point we agree with appellee that, under a liberal construction of the statute in favor of the claimant, these sick periods should not be deducted from his total period of employment. To carry appellant's interpretation of the statute to its fullest possibility an employee could be penalized for Saturdays, Sundays, holidays and one or two days of sickness. In any event, there is substantial evidence to support the Referee and the Commission on this point.

There is no merit in the contention that appellee became disabled prior to October 8, 1964. In the case of *Ark. Coal Co. v. Steele,* 237 Ark. 727, 375 S. W. 2d 673, we said:

"In silicosis cases the statute commences to run at the time of disablement and not from the time the claimant learns that he is suffering from the disease, and disablement does not occur until the employee is unable to work and earn his usual wages."

Also, in *Hixon Coal Co. v. Furstenberg,* 225 Ark. 568, 284 S. W. 2d 120, it is stated:

"In silicosis, the injury may occur many years before the disease becomes manifest, as the accumulated effects of the deleterious substance are of slow, insidious nature."

16

*Two.* We cannot agree with appellant's contention there is no substantial evidence to support a finding that appellee's disability was caused from silicosis.

Ark. Stat. Ann. § 81-1314 (Repl. 1960) deals with occupational diseases, and subsection (b) (1) reads:

"'Silicosis' means the characteristic fibrotic condition of the lungs caused by the inhalation of silica dust . . ."

It would serve no useful purpose to set out in detail the voluminous testimony of some four or five doctors on this issue, some of which is somewhat conflicting if not confusing and irrelevant. It suffices, we think, to point out some facts and testimony to show *substantial* evidence to support the Commission on this point.

In June of 1959 appellee was a strong healthy man six feet and four inches tall, weighing 192 pounds. In 1964 he was admittedly totally disabled, weighing around 157. It is also admitted that for years he worked under conditions where he was exposed to the inhalation of silica dust. Testimony shows that at times appellee had dust all over him, and even in his nose and mouth to the extent he was forced to wash before drinking water—sometimes his teeth were not visible. There was testimony that gravel picked up where he worked contained as much as 60 silican dioxide. One doctor diagnosed appellee's ailment as pulmonary fibrosis. Another doctor's report showed appellee had a fibrotic process with fibrosis of both lungs. Still another doctor said appellee showed a finely granular fibrotic appearing process throughout both lungs. One doctor said appellee was totally disabled because of silicosis.

*Three.* It is here argued by appellant, for the first time, that it was error to allow appellee full compensation for total disability caused by silicosis. This argument is based on certain medical testimony that appel-

lee was also suffering from other ailments. For two reasons we do not agree with this contention.

First, the issue was not raised before the Commission and, under our well established procedural practice, it cannot be raised here.

Also, as we have heretofore pointed out, the Commission found appellee was totally disabled because of silicosis and we have sustained that finding.

*Four.* Finally, appellant contends "The Commission erred in holding that appellant had the burden of proving that appellee was *not* suffering from silicosis." (Our emphasis.) Again, we cannot agree with this contention for two reasons.

One, we do not find in the record where the Commission placed any such burden on appellant. Two, as is made clear from what we have heretofore said, the finding of the Commission is supported by substantial evidence.

Affirmed.