Glen HAWTHORNE, d/b/a GLEN HAWTHORNE
WHOLESALE MEAT (REEDER MEAT COMPANY),
Uninsured Employer *v.* Gloria DAVIS, Widow
of James DAVIS, Deceased Employee

79-336                                              594 S.W. 2d 844
Supreme Court of Arkansas
Opinion delivered February 25, 1980

*Wood, Smith, Schnippert & White,* for petitioner.

*W. H. "Dub" Arnold,* for respondent.

FRANK HOLT, Justice. Appellee's husband was employed at the appellant's slaughterhouse operation. The commission agreed with the finding of the hearing judge that the deceased was acting within the scope of his employment at the time of his death and awarded death benefits to the appellee. The Court of Appeals affirmed the award on the ground that the findings of the commission were supported by substantial evidence. We granted certiorari to clarify two issues: (1) whether there are two evidentiary rules in Arkansas regarding the establishment of the agency relationship, and (2) whether hearsay evidence alone constitutes sufficient "competent evidence" to support an award under the Workmen's Compensation Act. Ark. Stat. Ann. § 81-1325 (b) (4). See also Ark. Stat. Ann. Vol. 3A, Rules of the Supreme Court, Rule 29 (6) and (4b) (Repl. 1977).

We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the commission, and the commission's findings will be upheld if there is any substantial evidence to support their action even if the preponderance of the evidence would indicate a different result. *Barksdale Lumber Co.* v. *McAnally*, 262 Ark. 379, 557 S.W. 2d 868 (1978); and *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W. 2d 360 (1979). Doubtful cases are resolved in favor of the claimant, and we are not concerned with the weight of the evidence nor the credibility of the witnesses since we do not review the case *de novo*. *O. K. Processing, Inc., et al* v. *Servold*, 265 Ark. 352, 578 S.W. 2d 224 (1979).

Appellant first contends that the commission erred in finding that the appellee's decedent's death arose out of and in the course of his employment because the finding was not supported by any substantial evidence. The appellant argues that the only evidence regarding whether the deced nt was acting within the scope of his employment was hearsay testimony by a local attorney as to a conversation he had with appellant's son the day following the accident. At the time of the conversation appellee had requested this attorney to investigate a possible wrongful death action arising out of her husband's death. The attorney testified that the appellant's son, and purported agent, told him that he was in charge of the appellant's slaughterhouse that day; he had made the

decision to close down early; the decedent worked for him at this plant; and he had said to decedent: "Why don't we just take off because I need to go to Glenwood to look at some cattle at the sale barn." The decedent transported him there on his motorcycle. Upon leaving on his motorcycle, the decedent was killed in a collision with a car. Appellant argues that there is no evidence that the deceased was acting within the scope of his employment inasmuch as neither agency nor the extent of an agent's authority can be shown, as here, by his own declarations in the absence of the party to be affected. At the hearing, the son testified that he did not remember what he told the attorney; he was not the deceased's boss; he had no authority to buy cattle and no authority at the plant; and he did not go to Glenwood to buy cattle or for any other business purpose.

It is true that we have held that neither agency nor the extent of an agent's authority can be shown by his own declarations in the absence of the party to be affected. *Zullo* v. *Alcoating, Inc.,* 237 Ark. 511, 374 SW. 2d 188 (1964). It is well settled, however, that the existence of the agency relationship may be established by the testimony of other witnesses who possess knowledge of the facts. See *Boddy* v. *Thompson,* 179 Ark. 71, 14 S.W. 2d 240 (1929); and *Beekman Lumber Co.* v. *Kittrell,* 80 Ark. 228, 96 S.W. 988 (1906). Circumstantial evidence may be sufficient to establish agency, and the declarations of the purported agent may be used to corroborate other evidence of agency. See *Bell* v. *State,* 93 Ark. 600, 125 S.W. 1020 (1910); *Moore* v. *Ziba Bennitt & Co.,* 147 Ark. 216, 227 S.W. 753 (1921); *Thompson* v. *Hollis & Co.,* 194 Ark. 1, 104 S.W. 2d 1065 (1937); and *Richards* v. *State,* 497 S.W. 2d 770 (Tex. Civ. App. 1973). It is undisputed that the son kept the keys to the plant in his possession and the deceased, as on the morning of the accident, would go by his home to pick up the keys. The son was paid higher wages than the deceased. They were the only two employees at this particular plant. The appellee's widow testified that she had answered the telephone at her home when the purported agent told her to tell her husband "what to do." Further, as we discuss later, the asserted "hearsay" evidence is now competent evidence.

We hold that the testimony of the attorney, the appellee and appellant's son, together with the circumstantial evidence, is sufficient to establish the existence of an agency relationship between the appellant and his son. There are not, as argued in the petition for review, two separate evidentiary rules in Arkansas for the establishment of the agency relationship.

We now turn to appellant's contentions that the commission erred in (1) finding that the deceased sustained an accidental death arising out of and in the course of his employment, because the record does not disclose that the accident grew out of or resulted from the employment, and (2) in basing its decision on certain hearsay testimony inasmuch as hearsay evidence in and of itself cannot support an award under the Workmen's Compensation Act. The thrust of appellant's next argument is that the testimony of the attorney was the only evidence demonstrating that the deceased was killed in an accident which arose out of a trip which was business connected. He asserted that the testimony of the attorney was clearly hearsay, and hearsay evidence does not constitute "competent evidence" sufficient to support an award. The Court of Appeals did not reach the issue on the ground that no objection was made to the admission of the hearsay testimony at the hearing; and, therefore, the issue cannot be considered for the first time on appeal. *Jeffery Stone Co.* v. *Raulston,* 242 Ark. 13, 412 S.W. 2d 275 (1967); and *Clark* v. *Peabody Testing Service, supra.*

Admittedly, the only evidence that the trip to Glenwood was business connected was the testimony of the attorney and the deceased's brother as to prior statements made by the appellant's son. They testified to the effect that the appellant's son told the attorney that he had asked the decedent to take him to Glenwood to look at some cattle for his father's slaughterhouse operations. We cannot agree with appellant's contention that their testimony is hearsay, because under our new rules of evidence, the statements by the son fall within the definition of prior statement by a witness as set forth in Ark. Stat. Ann. § 28-1001, Rule 801 (d) (1) (i) (Repl. 1979) which provides:

A statement is not hearsay if: . . .(1)Prior statement by a witness. The declarant testifies at the trial or hearing, and is subject to cross examination concerning the statement, and the statement is (i) inconsistent with his testimony and, if offered in a criminal proceeding, was given under oath and subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a [deposition] . . .

At trial the son testified that he did not remember what he told the attorney, he was not the deceased's supervisor, and he had not gone to Glenwood to look at some cattle. He was cross examined regarding his alleged statements to the attorney. These prior statements were clearly inconsistent with his testimony at trial.

When we consider all the recited evidence and the reasonable inferences deducible therefrom in the light most favorable to the appellee, as we must do on appeal, we are of the view that the commission's finding is supported by substantial evidence.

Appellant finally contends that the commission erred in finding that the widow of the decedent, the appellee, is allowed benefits inasmuch as there was no proof of dependency as required by Ark. Stat. Ann. § 81-1315(c) (Repl. 1972). Suffice it to say, the issue was not raised below, and we will not consider it on appeal. *Jeffery Stone Co.* v. *Raulston, supra.*

The Court of Appeals' decision is affirmed.

FOGLEMAN, C.J., dissents.

JOHN A. FOGLEMAN, Chief Justice, dissenting. There is one important element of proof that has been completely overlooked in arriving at the conclusion that James Davis was acting within the scope of his employment. It is all very well to say that the statements of Hawthorne's son to Sanders were not hearsay and I agree that they were not. It is barely possible to say that there is sufficient evidence, outside the testimony relating to the statements of the son, to constitute substantial evidence that he was some kind of agent of Glen

Hawthorne, but there is absolutely nothing outside the son's statements and actions to show the extent of his authority or that this authority was sufficiently broad to bring the deceased employee within the scope of his employment at the time of his fatal injury.

Keeping the keys to the secondary plant operated by Glen Hawthorne certainly did not make his son a general agent. It did not even tend to show the extent of his authority, except to unlock the doors. The payment of a salary higher than that of the deceased employee may tend to show agency, but is has nothing whatever to do with the extent of the authority of the recipient of the higher salary. Telling the employee "what to do" has nothing whatever to do with the extent of the authority of the speaker, when we are not informed as to what he had told the employee to do, particularly when there is not a single word to even intimate that the principal had any idea what his son was telling the employee to do. There is not a word to indicate that Davis had ever taken or transported the son anywhere prior to the date of the fatal accident, either with or without Glen Hawthorne's knowledge or consent, or that he had ever used his motorcycle for purposes of the business in which he was employed. There is absolutely no evidence other than the statement the son made to Sanders that comes anywhere near showing that the trip was connected with the business. The majority does not bother to say how the claimant met the burden of showing the extent of the son's real or apparent authority or that Davis was acting within the scope of his employment.

I have a great deal of difficulty translating the statement, "I need to go to Glenwood to look at some cattle" into (1) an order to Davis to transport the speaker there or (2) a statement that the speaker was looking at cattle for his father's slaughterhouse operations. There is not a word to show that the son had ever "scouted" for cattle to be purchased for the business, had ever purchased any cattle or had ever been given the authority to do either.

There may not be two rules of evidence relating to proof of agency, but I do not think any Arkansas case can be found where the extent of the agent's authority has been determined

upon the basis of evidence of this sort in any action in tort or contract. So there must be two rules as to the burden of proving the agent's authority.

There is not a single circumstance to support the statement of the son as to the extent of his authority. There is nothing whatever to show that he had apparent authority in the premises. Statements and actions of an alleged agent may be admissible to corroborate other evidence to establish agency, but neither agency nor scope of the agency can be established by declarations or actions of the purported agent. *B. J. McAdams, Inc.* v. *Best Refrigerated Express, Inc.,* 265 Ark. 519, 579 S.W. 2d 608.

If we apply the rules of law governing proof of agency, there is not a scintilla of evidence, much less substantial evidence, to show that the younger Hawthorne was acting within the scope of his real or apparent authority as the agent of his father or that Davis was acting within the scope of his employment when he suffered the fatal injury. We have said that, to be substantial, evidence must be persuasive. It must do more than create a suspicion of the existence of the fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It must be of sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or another. It must force or induce the mind to pass beyond a suspicion or conjecture. *Pickens-Bond Const. Co.* v. *Case,* 266 Ark. 323, 584 S.W. 2d 21. To find the evidence that Davis was acting within the scope of his employment to be substantial, one must be indeed very easily persuaded. I could do no more than suspect that Davis was in the scope of his employment.

I would reverse the decision of the Court of Appeals and dismiss the claim.