## HENDERSON STATE UNIVERSITY and the STATE of Arkansas *v.* Doyle HAYNIE

CA 80-9 600 S.W. 2d 454

Court of Appeals of Arkansas
Opinion delivered June 11, 1980
Released for publication July 2, 1980

*Jerry G. James*, Public Employees Claims Division, for appellants.

*W. H. "Dub" Arnold*, for appellee.

STEELE HAYS, Judge. This is a Workers' Compensation case. Claimant-appellee, Doyle Haynie, sustained a compensable injury to his left knee on October 26, 1977. Respondent-appellant, Henderson State University, accepted a 30% anatomical disability rating to claimant's left knee and paid benefits to claimant based on that percentage.

On April 25, 1979, a hearing was held at which claimant contended that he was permanently and totally disabled. Appellants alleged that he should only be allowed permanent partial disability benefits to the extent of 30%. The Administrative Law Judge awarded claimant permanent and total disability benefits. The Full Commission affirmed the holding of the Administrative Law Judge. Claimant brings this appeal from the Commission.

The only issue for determination is whether there is substantial evidence to support the Commission's finding of permanent and total disability. Respondent contends that claimant has become totally disabled due not only to the injury of his left knee, but to his pre-existing physical condition and also other injuries unrelated to the injury which occurred on October 26, 1977. (Claimant had received an injury to his right knee in April of 1976 and had received a 30 permanent partial disability rating. He had also received a 10% permanent partial disability rating for an injury received in April of 1963 with another employer.) Also, respondent bases his argument on appeal, to some extent, on the report of Dr. Thomas M. Durham which stated that due to the arthritis in his "knees," claimant would probably never turn to gainful employment. Furthermore, the doctor's report places much of the basis of claimant's disability on his obesity and states that if claimant lost some weight, he might consider a total knee replacement. The gist of respondent's argument is that since the injury of October, 1977, to claimant's left knee was not the sole cause of claimant later being awarded total disability, then respondent should not be held liable for the entire cost of total disability benefits.

It is the rule in Arkansas that a scheduled injury which results in permanent and total disability will entitle the claimant to total disability benefits. *McNeely* v. *Clem Mill and Gin*

*Company*, 241 Ark. 498, 409 S.W. 502 (1966). Although in some jurisdictions the benefits for a scheduled injury are deemed to be exclusive, the modern trend is to treat such injuries as non-exclusive if the injury affects some other part of the body, resulting in total disability. [See 2 Larson's *Workers' Compensation Law* § 58.20 (1976)].

The case at bar is similar, in many respects, to *Cooper Industrial Products* v. *Worth*, 256 Ark. 394, 508 S.W. 2d 59 (1974). In that case, claimant sustained an injury to her right knee in the course of her employment that resulted in a disability rating of 40% of her right lower extremity. The Commission held that claimant was permanently and totally disabled as the result of her knee injury. In its opinion, the Commission stated:

> It is true claimant sustained other injuries which were anatomically disabling. However, these prior injuries were not disabling in the compensation sense. Disability means incapacity because of injury to earn. Claimant testified that she was able to do her work and earn her way after her two previous injuries but could not do so after her third injury.

The Arkansas Supreme Court held that there was substantial evidence upon which the Commission could award permanent and total disability benefits.

In the instant case, claimant testified that he was able to return to gainful employment after the injury to his right knee but could not return to work after injuring his left knee.

On appeal, the Commission's findings will be upheld if there is any substantial evidence to support the decision. *Hawthorne* v. *Davis*, 268 Ark. 131, 594 S.W. 2d 844 (1980); *Clark* v. *Peabody Testing Services*, 265 Ark. 489, 579 S.W. 2d 360 (1979). In the instant case, we believe there is substantial evidence to support the Commission's finding that claimant was permanently and totally disabled as a result of the injury to his left knee in October of 1977. We do not dispute appellants' assertions that claimant's other conditions, i.e. obesity and the other injuries, contributed to his rating of

724

permanent and total disability. However, these conditions were not disabling "in a compensation sense" because claimant was able to work up until the time he sustained the injury to his left knee. *Cooper Industrial Products* v. *Worth*, supra.

For these reasons, we affirm the holding of the Commission.

PILKINTON, J., not participating.