Myrna Inez WALLIS *v.*
WHIRLPOOL CORPORATION

CA 84-8                                      671 S.W.2d 760

Court of Appeals of Arkansas
En Banc
Opinion delivered June 27, 1984

*James R. Filyaw*, for appellant.

*Jones, Gilbreath & Jones*, for appellee.

GEORGE K. CRACRAFT, Judge. Appellant Myrna Wallis, an employee of appellee, Whirlpool Corporation, sustained injuries to both wrists on February 9, 1981. Appellant initially filed an application for benefits under her employer's group health insurance plan, contending that the injuries resulted from a non-job-related fall at home. She maintained that the injuries were non-job-related until about August 19, 1981, at which time she filed for workers' compensation benefits. Appellee controverted the claim in its entirety and raised the defense of lack of notice as required by Ark. Stat. Ann. § 81-1317 (Supp. 1983).

The administrative law judge held that the injuries to appellant's wrists had been sustained out of and in the course of her employment with appellee, and that appellee had not been prejudiced by the untimely filing of the claim. However, the law judge held that appellant was disqualified from receiving benefits because she failed to comply with the timely notice requirements and that no satisfactory reason had been shown by appellant to excuse her from compliance. The full Commission affirmed.

Appellant's first point for reversal is that the Commission erred in its interpretation of Ark. Stat. Ann. § 81-1317, which provides as follows:

(a) Notice of injury or death for which compensation is payable shall be given within sixty (60) days after the date of such injury or death to the employer, or written notice to the Commission which shall notify the employer immediately.

(b) Failure to give such notice shall not bar any claim (1) if the employer had knowledge of the injury or death, (2) if the employee had no knowledge that the condition or disease arose out of and in the course of employment, or (3) if the Commission excuses such failure on the grounds that for some satisfactory reason such notice could not be given. Objection to failure to give notice must be made at or before the first hearing on the claim.

The Commission found that appellant had not brought herself within the limits of any of the statutory exceptions which excuse a claimant from the responsibility to give notice of injury within sixty days. There was no allegation, and the evidence does not support any finding, that the employer had knowledge of the injury; in fact, the employer was notified that the injury was non-job-related. There is evidence that appellant had knowledge, or belief, that her condition arose out of and in the course of her employment. She testified that she had believed since February 1981 that her injury arose out of her employment, but was afraid to tell her employer because she had been harassed about a previous claim for workers' compensation benefits. The third statutory exception gives the Commission discretion to excuse failure to give notice on grounds that for some satisfactory reason such notice could not be given. It was the Commmission's conclusion that appellant gave no satisfactory reason why the notice could not be given.

The court has held that it must review the evidence in the light most favorable to the Commission's decision. *Silvicraft, Inc.* v. *Lambert,* 10 Ark. App. 28, 661 S.W.2d 403 (1983). The Commission's findings will be upheld if there is any substantial evidence to support their action. *Hawthorne* v. *Davis,* 268 Ark. 131, 594 S.W.2d 844 (1980). It is our opinion that there is substantial evidence to support the Commission's finding that the appellant's reason for not providing notice did not come within any of the three statutory exceptions.

It is true that there is evidence that the employer in this case was not prejudiced by appellant's failure to make a timely report of her injury. However, § 81-1317, *supra,* was amended by the legislature in 1979 to remove that part of the section which provided that failure to give a timely notice would not bar a claim if the Commission determined that the employer had not been prejudiced by the failure.

Appellant next contends that the Commission erred in ignoring her argument that her failure to give the notice should be excused under the provision of § 81-1343 (Repl. 1976) which enumerates the powers and duties of the

Commission, including the power to "excuse failure to give notice either of injury or death of any employee." She argues that this section enlarges the provisions of Ark. Stat. Ann. § 81-1317 (Supp. 1983) and gives the Commission full discretionary power to excuse the failure for reasons other than the three enumerated in the earlier section. Appellee concedes in its brief that § 81-1343 does have that effect but contends that the Commission did not ignore this section.

We need not determine what effect § 81-1343 has upon the provisions of § 81-1317. Even assuming that the section does have that effect, we agree with appellee that on the evidence we find no basis for the exercise of that power. It is clear to us that the Commission fully considered appellant's excuse for failing to give notice and found it insufficient. In its opinion the Commission stated:

> We have carefully examined the three bases set out in subsection (b) of the statute for excusing failure to give notice, and we find none of them applicable to this case. . . .Ark. Stat. Ann. § 81-1317 is plain and un-ambiguous as applied to the facts in this case. *In such a situation we cannot distort the obvious and intendment of the statute by applying the well known and laudable principles of liberal statutory construction operative in workers' compensation law.* [Emphasis supplied]

The opinion of the administrative law judge adopted by the Commission contained the following finding and conclusion:

> The only evidence presented to explain why proper notice of the injury was not given, was the claimant's own testimony that she intentionally concealed the fact that her wrist condition may have been related to her employment activities until August of 1981 for fear of harassment by her employer. *In light of the evidence presented in this case it is my opinion that this has not been sufficiently established to be a satisfactory reason as to why such notice 'could' not be given.* [Emphasis supplied]

We find no error and affirm.

COOPER, CLONINGER and GLAZE, JJ., dissent.

LAWSON CLONINGER, Judge, dissenting. I respectfully dissent. I agree with the majority to the extent that claimant did not come within the exception to the notice requirements of Ark. Stat. Ann. § 81-1317 (Supp. 1983). It is my contention that Ark. Stat. Ann. § 81-1343 (Repl. 1976) enlarges the scope of the Commission's discretion to excuse failure to give notice of injury. The majority states that it agrees with appellee that "on the evidence we find no basis for the exercise of that power." However, that is for the Commission to decide, not this court. I am convinced that the Commission did not consider appellant's claim in light of § 81-1343, and I would remand this case back to the Commission with directions that it make such a determination.

COOPER, J., joins in this dissent.

TOM GLAZE, Judge, concurring in part and dissenting in part. I agree with the majority that the Commission did not err in interpreting Ark. Stat. Ann. § 81-1317 (Supp. 1983). However, I agree with Judges Cloninger and Cooper that the Commission never considered appellant's second point, *viz.*, although appellant failed to prove grounds under Ark. Stat. Ann. § 81-1317(b) (Supp. 1983), which would excuse her failure to give notice of her injury to the employer, the Commission may still excuse such failure under Ark. Stat. Ann. § 81-1343(4) (Repl. 1976).

In sum, appellant's failure to give notice of her injury is no bar to a claim if she had shown any one of the grounds under § 81-1317(b). All members of this Court agree that appellant failed in her proof under § 81-1317(b), and in this respect, the Commission should be affirmed. Even though appellant failed in that proof, the Commission still had the discretion to excuse appellant's failure to give notice under § 81-1343(4), but the Commission apparently chose not to exercise any discretion it may have under that provision.

If this case were remanded, I believe it is obvious that the Commission would not excuse appellant's failure to give notice to her employer, but it is not this Court's place to exercise the Commission's discretion under § 81-1343(4). Although the judges affirming this cause state the Commission fully considered appellant's request under § 81-1343(4), the prevailing opinion recites only findings by the Commission that support its denial of appellant's claim for her failure to comply with the requirements under § 81-1317(b). For the reasons stated, I believe this cause should be remanded, directing the Commission to exercise its discretion under § 81-1343(4).